ORIGINAL

1 │ ROBERT C. SCHUBERT (# 62684)
   │ JUDEN JUSTICE REED (# 1573748)
2 │ AARON H. DARSKY (#21229)
   │ SCHUBERT & REED LLP
3 │ Two Embarcadero Center, Suite 1660
   │ San Francisco, California 94111
4 │ Telephone: (415) 788-4220
   │ Facsimile: (415) 788-0161
5 │
   │ DOUGLAS M. BROOKS
6 │ EDWARD L. MANCHUR
   │ GILMAN AND PASTOR LLP
7 │ 999 Broadway, Suite 500
   │ Saugus, MA 01906
8 │ Telephone: (781) 231-7850
   │ Facsimile: (781) 231-7840
9 │ Attorneys for PLAINTIFFS

10 │ MELVIN R. GOLDMAN (# 34097)
    │ MORRISON & FOERSTER LLP
11 │ 425 Market Street
    │ San Francisco, California  94105-2482
12 │ Telephone: (415) 268-7000

13 │ CHARLES E. PATTERSON (# 120081)
    │ KERRY L. WALLIS (# 205650)
14 │ MORRISON & FOERSTER LLP
    │ 555 West Fifth Street
15 │ Suite 3500
    │ Los Angeles, California  90013-1024
16 │ Telephone: (213) 892-5200

17 │ Attorneys for Defendants
    │ HERBALIFE INTERNATIONAL, INC., and
18 │ HERBALIFE INTERNATIONAL OF AMERICA, INC.

19 │

20 │              UNITED STATES DISTRICT COURT

21 │             CENTRAL DISTRICT OF CALIFORNIA

22 │

23 │ NANCY JACOBS and ANNETTE M.          No. 02-01431 SJO (RCx)
    │ SANCHEZ, Individually On Behalf
24 │ of Themselves and All Others
    │ Similarly Situated, and on Behalf    **STIPULATION OF SETTLEMENT**
25 │ of the General Public,

26 │                Plaintiffs,

27 │     v.                               Discovery Cut-off:
    │                                      Trial Date:
28 │ HERBALIFE INTERNATIONAL, INC.,

─────────────────────────────────────────────────
                          1
                 STIPULATION OF SETTLEMENT
la-701356

HERBALIFE INTERNATIONAL OF
AMERICA, INC., DREAM BUILDERS &
ASSOCIATES INTERNATIONAL, INC.,
H.B. INTERNATIONAL GROUP, INC.,
ANTHONY POWELL, DORAN ANDRY,
CRAIG M. TSUTAKAWA, CAROLINE
TSUTAKAWA, TARUN JUNEJA, JOHN
BEALL, BRETT BARTHOLOMEW, LEAH
SINGLETON, STEPHEN COMBS AND
DEBRA COMBS,

                    Defendants.

    This Stipulation of Settlement, and attached exhibits (the

"Stipulation") dated as of May 21, 2004 is made by and among the

following Settling Parties to the above-entitled litigation: the

Plaintiffs, on behalf of themselves, and on behalf of each of the

Settlement Class Members, by and through Plaintiffs' Counsel and

defendants Herbalife International, Inc. and Herbalife

International of America, Inc. ("Herbalife Defendants"), Dream

Builders and Associates International, Inc. and H.B.

International Group, Inc., by and through their respective

Counsel.  This Stipulation is intended by the Settling Parties

fully, finally and forever to resolve, discharge and settle the

Released Claims (as defined herein), upon and subject to the

terms and conditions of this Stipulation.

**1. DEFINITIONS**

    In addition to the foregoing defined terms, the following

terms shall have the meanings as set forth below:

    1.1.   "Action" means the action entitled *Nancy Jacobs, et*

*al. v. Herbalife International, Inc., et al.,* United States

District Court, Central District of California, Case No. CV-02-

1431 SJO (RCx).

la-701356

1    1.2.  "Authorized Claimant" means a Settlement Class Member

2  who submits a valid and timely Proof of Claim form and whose

3  claim for Settlement recovery has been allowed pursuant to the

4  terms of this Stipulation.

5    1.3.  "Authorized Refund Claimant" means a Settlement Class

6  Member who submits a valid and timely Refund Request and whose

7  claim for a refund has been allowed pursuant to the terms of this

8  Stipulation.

9    1.4.  "Business Methods" means independently produced and

10  marketed merchandising aids, devices (including but not limited

11  to facsimile machines, telephone devices, and internet websites)

12  and support services to sell Herbalife products or recruit

13  Herbalife distributors not sold by the Herbalife Defendants.

14    1.5.  "Cash Refund" means the refund described in Paragraph

15  5.1.2.

16    1.6.  "Claim" means a loss sustained by an Authorized

17  Claimant, as calculated in the Plan of Allocation.

18    1.7.  "Claims Administrator" means Berdon Claims

19  Administration LLC.

20    1.8.  "Class Period" means the period beginning February

21  15, 1998 through and including May 2, 2003.

22    1.9.  "Complaint" means the Second Amended Complaint filed

23  in the Action on May 2, 2003.

24    1.10.  "Court" means the Court in this Action.

25    1.11.  "Current Herbalife Supervisor" is a Settlement Class

26  Member who, as of March 1, 2004 had a valid agreement of

27  distributorship with Herbalife to sell Herbalife products as an

28  independent contractor, met the Herbalife requirements to be

la-701356

1   designated at the supervisor level, and purchased NWTW products
2   during the Class Period.

3       1.12. "Defendants" means the Individual Defendants, Dream
4   Builders & Associates International, Inc., H.B International
5   Group, Inc. and the Herbalife Defendants.

6       1.13. "Effective Date" means the first date after which all
7   of the following events and conditions have been met or have
8   occurred:

9           1.13.1.   All parties have executed this Stipulation.
10          1.13.2.   The Court has preliminarily approved this
11                    Stipulation and the method for providing notice to
12                    the Settlement Class Members by entry of the
13                    Preliminary Approval Order;

14          1.13.3.   The Court has entered the Judgment, finally
15                    approving this Stipulation, releasing the Released
16                    Parties from the Released Claims, and dismissing
17                    with prejudice the Action and all claims asserted
18                    therein by Plaintiffs and Settlement Class Members
19                    against the Defendants;

20          1.13.4.   The Judgment has become Final, as defined in
21                    paragraph 1.15, below;

22          1.13.5.   The State Court in the State Court Action
23                    has entered the State Court Judgment dismissing
24                    with prejudice the State Court Action and all
25                    claims asserted therein by Plaintiffs and
26                    Settlement Class Members against the Defendants;

27          1.13.6.   The State Court Judgment has become Final, as
28                    defined in paragraph 1.15, below;

4

STIPULATION OF SETTLEMENT

la-701356

1.13.7.   The time for the Herbalife Defendants to give notice of intent to withdraw from this Stipulation as provided for in paragraph 12.2 has expired and Herbalife Defendants' Counsel has not given such notice.

1.13.8.   In the event that any of the events or conditions listed in paragraphs 1.13.1 through 1.13.7 above, are not met or do not occur, this entire Stipulation shall become null and void, except that Defendants shall have the option to elect to waive the failure, in whole or in part, of any of the conditions. If Defendants elect to waive the failure, in whole or in part, of any condition, they shall file a written notice of waiver with the Court, and serve Plaintiffs' Counsel by hand delivery or by first class mail, within ten (10) days after they become aware of the failure of such condition. If Defendants waive the failure, in whole or in part, of any conditions as provided for in this paragraph, then the Effective Date will occur without satisfaction of that condition.

1.14.   "Escrow Agent" means Gilman & Pastor LLP.

1.15.   "Final" means the latest of the following:

1.15.1.   if an appeal is filed, the date of final affirmance on appeal of any judgment or order of dismissal, the expiration of the time for a petition for certiorari to review any judgment or

1                 order of dismissal, and, if certiorari is granted,

2                 the date of final affirmance following review

3                 pursuant to that grant; or

4       1.15.2.    if an appeal is filed, the date of final

5                 dismissal or withdrawal of any appeal or the final

6                 dismissal, denial or withdrawal of any proceeding

7                 on certiorari; or

8       1.15.3.    if no appeal is filed, the expiration date of

9                 the time for the filing or noticing of any appeal

10                from any judgment or order of dismissal.

11     1.16.  "Former Herbalife Supervisor" is a Settlement Class

12 Member who, during the Class Period, had a valid agreement of

13 distributorship with Herbalife to sell Herbalife products as an

14 independent contractor, met the Herbalife requirements to be

15 designated at the level of supervisor and who purchased NWTW

16 products during the Class Period, but who is not a Current

17 Herbalife Supervisor.

18     1.17.  "Herbalife" and "Herbalife Defendants" mean Herbalife

19 International, Inc. and/or Herbalife International of America,

20 Inc.

21     1.18.  "Herbalife Defendants' Counsel" means the law firm of

22 Morrison & Foerster LLP.

23     1.19.  "Herbalife Distributor" means a person that has a

24 valid agreement of distributorship with Herbalife to sell

25 Herbalife products at any time during the two years following the

26 Effective Date.

27     1.20.  "Herbalife Supervisor" means a person who, during the

28 Class Period, had a valid agreement of distributorship with

1    Herbalife to sell Herbalife products as an independent contractor
2    and was at the level of supervisor.

3        1.21. "Individual Defendants" means defendants Anthony
4    Powell, Doran Andry, Craig M. Tsutakawa, Caroline Tsutakawa,
5    Tarun Juneja, John Beall, Brett Bartholomew, Leah Singleton,
6    Steven Combs and Debra Combs.

7        1.22. "Judgment" means the final judgment and the order of
8    dismissal of the Action substantially in the form attached hereto
9    as Exhibit A.

10       1.23. "Net Settlement Fund" means that portion of the
11   Settlement Fund remaining after the payment of the costs, fees,
12   and expenses permitted by paragraphs 7.1 through 7.3 and 11.1
13   through 11.3.

14       1.24. "Newest Way to Wealth System" means the Business
15   Methods developed and/or operated under the name "Newest Way to
16   Wealth" or "NWTW" by Dream Builders & Associates International,
17   Inc., H.B. International Group, Inc., Anthony Powell, Doran
18   Andry, Tarun Juneja, John Beall, Brett Bartholomew, Leah
19   Singleton, Steven Combs and/or Debra Combs to market Herbalife
20   products and/or recruit Herbalife distributors.

21       1.25. "Newest Way to Wealth Promotional Materials" means
22   any and all materials which were sold as part of the Newest Way
23   to Wealth System during the Class Period, including but not
24   limited to written, audio, video, telephonic, facsimile or
25   internet based materials or devices.

26       1.26. "NWTW Defendants" means Dream Builders & Associates
27   International, Inc., H.B. International Group, Inc., Anthony

28

1    Powell, Doran Andry, Tarun Juneja,, John Beall, Brett

2    Bartholomew, Leah Singleton, Steven Combs and/or Debra Combs.

3        1.27.  "NWTW Release" means the release in the form set

4    forth as Exhibit B by the NWTW Defendants in favor of the

5    Herbalife Defendants.

6        1.28.  "Notice of Proposed Settlement" means the notice

7    provided for in paragraph 6.1.3 and substantially in the form

8    attached hereto as Exhibit C.

9        1.29.  The word "or" means and/or.

10       1.30.  "Person" means a natural person, individual,

11   corporation, association, partnership, trust, joint stock

12   company, unincorporated association, government and any political

13   subdivision thereof and any other type of legal entity.

14       1.31.  "Plaintiffs" means Nancy Jacobs and Annette Sanchez,

15   individually and in their capacities as class representatives for

16   the Settlement Class Members.

17       1.32.  "Plaintiffs' Counsel" means the following co-counsel

18   for Plaintiffs and the Settlement Class:  (a) Schubert & Reed

19   LLP; and (b) Gilman and Pastor, LLP.

20       1.33.  "Plan of Allocation" means that plan or formula of

21   allocation of the Settlement Fund and Refund Pool, attached

22   hereto as Exhibit D, whereby the Net Settlement Fund and Refund

23   Pool shall be distributed to Authorized Claimants and Authorized

24   Refund Claimants.  Any Plan of Allocation is not part of the

25   Stipulation and Defendants and their Related Parties shall have

26   no responsibility for or liability with respect thereto.

27       1.34.  "Preliminary Approval Order" means the order

28   preliminarily approving the Stipulation, approving the Notice of

la-701356

1 Proposed Settlement, approving the Summary Notice and setting the
2 Settlement Hearing, as provided for in paragraphs 6.1 through
3 6.1.14 and substantially in the form attached hereto as
4 Exhibit E.

5      1.35.  "Proof of Claim" means the proof of claim provided
6 for in paragraphs 10.2 through 10.4 and substantially in the form
7 attached hereto as Exhibit F which shall be postmarked and
8 returned to the Claims Administrator within 120 days after
9 approval by the Court of the Preliminary Approval Order.

10      1.36.  "Rebate Request" means the section of the Proof of
11 Claim form provided for in paragraph 10.4 for the purpose of
12 providing a rebate to Current Herbalife Supervisors.

13      1.37.  "Refund Request" means the section of the Proof of
14 Claim form provided for in paragraph 10.3 for the purpose of
15 providing a refund to Former Herbalife Supervisors who are
16 Authorized Refund Claimants.

17      1.38.  "Related Parties" means the Defendants' past, present
18 and future parents, subsidiaries, affiliates, predecessors,
19 successors and assigns, and each of their respective past,
20 present and future officers, directors, controlling shareholders,
21 employees, representatives, agents, brokers, attorneys, advisors,
22 consultants, heirs, spouses, administrators, executors, insurers,
23 financial advisors, accountants, affiliated and subsidiary
24 companies, and each of their predecessors, successors and
25 assigns, or any of them.

26      1.39.  "Released Claims" means any and all causes of action,
27 claims for relief, demands for damages or equitable, legal or
28 administrative relief, interest, rights to reimbursement,

1  injunctive relief, disgorgement or restitution or any other
2  rights, whether based on federal, state or local law, statute,
3  ordinance, regulation, contract, common law or any other source,
4  including, without limitation, claims for violations of the
5  Organized Crime Control Act of 1970, the Securities Act of 1933,
6  the Securities and Exchange Act of 1934, the California Endless
7  Chain Scheme law (Cal. Penal Code § 327), the California Seller
8  Assisted Marketing Plan Act (Cal. Civ. Code § 1812.200, et seq.),
9  California Business and Professions Code Sections 17200 and 17500
10  or under any other similar statute or law of any other
11  jurisdiction, and claims for fraud, deceit, negligent
12  misrepresentation, negligence, gross negligence, professional
13  negligence, breach of duty of care, breach of duty of loyalty,
14  breach of duty of candor, breach of fiduciary duty, fiduciary
15  abuse, mismanagement, breach of contract, invasion of privacy, or
16  negligent supervision, or claim for indemnification, defense or
17  contribution, including Unknown Claims as defined in
18  paragraph 1.53 hereof, that have been or could or might have been
19  alleged in any pleading, or amended pleading in the Action or
20  State Court Action.

21      1.40.  "Released Parties" means Defendants and the Related
22  Parties.

23      1.41.  "Releasors" means Plaintiffs, and each and all of the
24  Settlement Class Members who have not delivered to the Claims
25  Administrator a valid request for exclusion as set forth in
26  paragraph 10.5 hereof.

27      1.42.  "Settlement" means the Settlement set forth in this
28  Stipulation of Settlement.

la-701356

1       1.43. "Settlement Class" means all persons, except the
2   Individual Defendants and any Related Parties, who during the
3   period February 15, 1998 through and including May 2, 2003, (1)
4   had a valid agreement of distributorship with Herbalife to sell
5   Herbalife products as an independent distributor, (2) had
6   attained the level of supervisor, and (3) purchased Newest Way to
7   Wealth Promotional Materials.

8       1.44. "Settlement Class Member" means a Person who fits
9   within the definition of the Settlement Class, and that Person's
10  attorneys, legal representatives, successors, spouses, heirs,
11  executors, administrators and assigns who are acting on behalf of
12  that person or entity and who has not validly and timely
13  requested exclusion from the Class, as provided in
14  paragraph 10.5.

15      1.45. "Settlement Fund" means the monies paid to the Escrow
16  Agent pursuant to paragraph 5.1.1 of this Stipulation, together
17  with all interest and earnings thereon after the date of
18  delivery.

19      1.46. "Settlement Hearing" means the hearing to determine
20  whether this Stipulation should be finally approved, as provided
21  for in paragraphs 6.1.11 through 6.1.14.

22      1.47. "Settling Parties" means (i) each of the Herbalife
23  Defendants; (ii) Dream Builders and Associates International;
24  (iii) H.B. International Group, Inc.; and (iv) each of the
25  Plaintiffs on behalf of themselves and each of the Settlement
26  Class Members.

27
28

la-701356

1.48. "State Court" means the Superior Court for the State of California, City and County of San Francisco, in which the State Court Action is pending.

1.49. "State Court Action" means the putative class action now pending in the State Court under the caption *Nancy Jacobs and Annette M. Sanchez, Individually, on Behalf of themselves and All Others similarly Situated and on behalf of the General Public vs. Herbalife International, Inc., Herbalife International of America, Inc., H.B. International Group, Inc., Anthony Powell, Doran Andry, Craig M. Tsutakawa, Caroline Tsutakawa, Tarun Juneja, John Beall, Brett Bartholomew, Leah Singleton, Stephen Combs and Debra Combs,* Case No. 03426762.

1.50. "State Court Judgment" means the Stipulation and Judgment as provided for in paragraph 8.1 and substantially in the form attached hereto as Exhibit G.

1.51. "Stipulation" means this Stipulation of Settlement, including all exhibits.

1.52. "Summary Notice" means the written notice provided for in paragraph 6.1.5 and substantially in the form attached hereto as Exhibit H.

1.53. "Unknown Claims" means any Released Claims which a Releasor does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his/her or its Settlement with and release of the Released Parties or might have affected his, her or its decision not to object to this Stipulation.

STIPULATION OF SETTLEMENT

la-701356

**2. LITIGATION BACKGROUND**

2.1.    On or about February 15, 2002, Nancy Jacobs ("Jacobs"), on behalf of herself, a putative class of "others similarly situated" and the general public, filed a lawsuit in the United States District Court for the Central District of California, No. 02-01431 FMC (RCx), naming the NWTW Defendants and the Herbalife Defendants as defendants.  Jacobs, a Former Herbalife Supervisor and participant in the Newest Way to Wealth System, alleged the following claims for relief:  (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962(c) and (d)); (2) common law fraud and deceit; (3) violation of California's endless chain scheme law (Cal. Penal Code § 327); (4) violation of California's seller assisted marketing plan laws (Cal. Civ. Code § 1812.200 et seq.); and (6) violation of California Business and Professions Code Section 17200 et seq.  Jacobs' complaint sought, among other things, injunctive relief, rescission of the class members' contracts with Herbalife and recovery of the contract consideration paid by them, compensatory, treble, exemplary and punitive damages in an unspecified amount, disgorgement of earnings and profits, costs, interest, attorney's fees and other relief.

2.2.    On or about April 22, 2002, the Herbalife Defendants and Defendants Dream Builders & Associates International. Inc., Anthony Powell and Tarun Juneja each filed motions to dismiss Jacobs' complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.  On November 21, 2002, the

la-701356

1 Court entered an order granting the Defendants' motions to
2 dismiss the complaint with leave to amend.

3     2.3. On or about January 2, 2003 Jacobs filed an amended
4 complaint adding a second named plaintiff, Annette Sanchez, and
5 additional factual allegations but asserting the same causes of
6 action as the original complaint. The Herbalife Defendants and
7 Defendants Dream Builders & Associates International. Inc.,
8 Anthony Powell and Tarun Juneja filed a motion to dismiss this
9 amended complaint on January 23, 2003, which the Court granted as
10 to Plaintiffs' RICO claims and denied as to Plaintiffs' state
11 statutory and common law claims on April 17, 2003. The Court also
12 granted leave to allege a violation of the federal securities
13 laws on that date.

14     2.4. On October 13, 2003, Plaintiffs filed a motion for
15 class certification. The Court has not yet ruled on that motion,
16 which Plaintiffs withdrew, without prejudice, on December 8,
17 2003, pending approval of this Stipulation and finalization of
18 the Settlement.

19     2.5. On November 23, 2003, the Plaintiffs filed the State
20 Court Action. It has not been served.

21 **3. BENEFITS OF THE SETTLEMENT**

22     3.1. Plaintiffs' Counsel have conducted formal and
23 informal discovery and investigation throughout the prosecution
24 of the Action. This discovery and investigation has included
25 (i) review of documents provided by former Herbalife distributors
26 and other persons with relevant information; (ii) review of
27 Herbalife's securities filings and other publicly available
28 documents; (iii) review of documents produced by Defendants;

1   (iv) interviews of Herbalife employees; (v) interviews with
2   former Herbalife distributors; (vi) consultation with experts;
3   and (vii) research of the applicable law with respect to the
4   claims asserted in the complaints and the potential defenses
5   thereto.

6       3.2.    Plaintiffs' Counsel have analyzed the benefits to be
7   obtained under the terms of the proposed Settlement and have
8   considered the costs, risks, and delays associated with the
9   continued prosecution of the Action and likely appeals.
10  Plaintiffs' Counsel believe that, in consideration of all the
11  circumstances and after prolonged and serious arms-length
12  negotiations with the Herbalife Defendants, the proposed
13  Settlement is fair, reasonable, adequate and in the best
14  interests of the Settlement Class.

15      3.3.    Each of the Defendants has denied and continues to
16  deny all liability with respect to any and all of the facts or
17  claims alleged, or that could have been alleged, in the Action.
18  Each of the Defendants expressly has denied and continues to deny
19  all charges of wrongdoing or liability against it arising out of
20  any of the conduct, statements, acts or omissions alleged or that
21  could have been alleged in the Action or that the Settlement
22  Class suffered any injury for which they are legally entitled to
23  relief.

24      3.4.    There has been no adverse determination by any court
25  as to the merits of the claims asserted by Plaintiffs against any
26  of the Defendants.

27      3.5.    The Herbalife Defendants have nonetheless concluded
28  that it is in their best interests that the Action be settled on

la-701356

1    the terms embodied in the Stipulation.  The Herbalife Defendants

2    reached that conclusion after:  (1) analyzing the factual and

3    legal issues in the Action; (2) determining that further conduct

4    of the Action through trial and any appeals that might be taken

5    would be protracted and expensive; and (3) considering the

6    substantial benefits to the Herbalife Defendants of resolving the

7    Action, including limiting further expense, inconvenience and

8    distraction, disposing of burdensome and protracted litigation,

9    and permitting the Herbalife Defendants to conduct their business

10   unhampered by the distractions of continued litigation.  The

11   Herbalife Defendants also determined to settle the Action after

12   taking into account the uncertainty and risks inherent in any

13   litigation, especially in protracted and complex cases such as

14   the Action.

15   **4. NO ADMISSION OF FAULT, LIABILITY, OR WRONGDOING**

16       4.1.   The Herbalife Defendants enter into this Stipulation

17   without in any way acknowledging any fault, liability, or

18   wrongdoing of any kind.  The Herbalife Defendants continue to

19   deny vigorously all of the material allegations in the Complaint,

20   and to assert that Plaintiffs' claims are completely without

21   merit.

22       4.2.   Neither this Stipulation, nor any of its terms or

23   provisions, nor any of the negotiations or proceedings connected

24   with it, nor any other action taken to carry out this Stipulation

25   by any of the Settling Parties, shall be construed as, or shall

26   be used as, or shall raise any presumption or inference of, an

27   admission or concession by or against or respecting the

28   Defendants of the truth of any of the allegations in the

1 Complaint, or of any liability, fault or wrongdoing in any

2 amount, to any degree, or of any kind whatsoever.

3     4.3.    Neither this Stipulation, nor any of its terms or

4 provisions, nor any of the negotiations or proceedings connected

5 with it, shall be offered as evidence or received in evidence in

6 any pending or future civil, criminal, or administrative action

7 or be used to create any inference or presumption of liability or

8 an admission by any of the Defendants, except as may be necessary

9 to enforce the terms of this Stipulation.  While the Defendants

10 vigorously deny the allegations of the Complaint, the Herbalife

11 Defendants acknowledge that the terms and conditions of the

12 Stipulation were agreed to as a result of the efforts of

13 Plaintiffs and Plaintiffs' Counsel after extensive negotiations

14 between the parties.

15     NOW, THEREFORE, IT IS HEREBY AGREED by and between the

16 parties, through their respective counsel, that the Action and

17 the Released Claims be finally and fully settled, compromised and

18 released, and the Action shall be dismissed on the merits, on the

19 terms set forth herein, as between (i) Plaintiffs and the

20 Settlement Class Members and (ii) the Defendants, all on the

21 following terms and conditions.

22 **5. CONSIDERATION FOR THE SETTLEMENT**

23     5.1.    In consideration of the Settlement set forth in this

24 Stipulation:

25           5.1.1.    Herbalife International of America, Inc.

26               shall, on behalf of the Herbalife Defendants,

27               deposit the sum of three million dollars

28               ($3,000,000.00) (the "Settlement Fund") into an

1   escrow account for ultimate distribution to Former

2   Herbalife Supervisors pursuant to the Plan of

3   Allocation within five (5) business days after

4   entry by the Court of the Preliminary Approval

5   Order.  Claims shall be paid to those Former

6   Herbalife Supervisors who complete and execute the

7   Proof of Claim form attached hereto as Exhibit F

8   and return it to the Claims Administrator as

9   provided in paragraph 10.2.  Pending distribution

10  pursuant to the terms of this Stipulation and the

11  Plan of Allocation, the Settlement Fund shall be

12  held by the Escrow Agent in short-term securities

13  backed by the full faith and credit of the United

14  States Government or an agency thereof and the

15  Escrow Agent shall reinvest the proceeds of these

16  instruments as they mature in similar instruments

17  at their then current market rates.  None of the

18  Defendants, or any of their counsel, shall have any

19  responsibility or liability for investment

20  decisions with regard to the Settlement Fund.

21     5.1.2.    Herbalife International of America, Inc.

22  shall deposit the sum of one million dollars

23  ($1,000,000.00) (the "Refund Pool") into an escrow

24  account to be used to provide cash refunds for

25  Former Herbalife Supervisors pursuant to the Plan

26  of Allocation within five (5) business days after

27  entry by the Court of the Preliminary Approval

28  Order.  Refunds shall be made available to those

18

la-701356

1        Former Herbalife Supervisors who complete and

2        execute the Refund Request section of the Proof of

3        Claim form attached hereto as Exhibit F and return

4        it to the Claims Administrator as provided in

5        paragraph 10.3.  If the total amount requested by

6        Authorized Refund Claimants exceeds one million

7        dollars ($1,000,000.00), every Authorized Refund

8        Claimant's refund will be reduced on a pro rata

9        basis.  If the total amount requested by Authorized

10       Refund Claimants is less than one million dollars

11       ($1,000,000.00), any remaining funds, less

12       reasonable administrative fees, shall be returned

13       to Herbalife International of America, Inc.

14       Pending distribution pursuant to the terms of this

15       Stipulation and the Plan of Allocation, the Refund

16       Pool shall be held by the Escrow Agent in short-

17       term securities backed by the full faith and credit

18       of the United States Government or an agency

19       thereof and the Escrow Agent shall reinvest the

20       proceeds of these instruments as they mature in

21       similar instruments at their then current market

22       rates.  None of the Defendants, or any of their

23       counsel, shall have any responsibility or liability

24       for investment decisions with regard to the Refund

25       Pool.

26     5.1.3.   For the twelve-month period following the

27       Effective Date, Herbalife shall provide a rebate of

28       10% of the otherwise discounted purchase price of

1              the first $1400 per month of purchases of Herbalife

2              products by a Current Herbalife Supervisor from

3              Herbalife, in an aggregate maximum of two million

4              dollars ($2,000,000.00) for all such rebates.

5              Rebates shall be made available to Current

6              Herbalife Supervisors who complete and execute the

7              Rebate Request section of the Proof of Claim form

8              attached hereto as Exhibit F and return it to the

9              Claims Administrator as provided in paragraph 10.4.

10             The Claims Administrator shall provide Herbalife

11             with a list of Settlement Class Members who make

12             valid Rebate Requests.  Herbalife shall be

13             responsible for calculating and paying the rebates

14             to Settlement Class members and shall provide a

15             report of their payment of rebates to Plaintiffs'

16             Counsel within thirty (30) days following the

17             expiration of the twelve-month period or within

18             thirty (30) days after it has paid Current

19             Herbalife Supervisors two million dollars

20             ($2,000,000.00) in rebates, whichever date is

21             earlier..

22    5.2.   The Escrow Agent shall not disburse any portion of

23 the Settlement Fund or the Refund Pool before the Effective Date,

24 except as provided in the Stipulation.

25    5.3.   After the Effective Date, subject to such further

26 orders and/or directions as may be made by the Court, the Escrow

27 Agent is authorized to deliver the Settlement Fund and Refund

28 Pool, after deduction of court-ordered attorneys' fees and

STIPULATION OF SETTLEMENT

la-701356

1  expenses, to the Settlement Administrator and to execute such

2  transactions and documents as are necessary to effect the terms

3  of the Stipulation.

4      5.4.   The Settlement Fund and Refund Pool shall constitute

5  qualified Settlement funds within the meaning of Treasury

6  Regulations Sections 1.468B-1 through 1.468B-5, 26 C.F.R.

7  §§ 1.468B-1 through 1.468B-5 (1992).  The Settling Parties shall

8  treat the Settlement Fund and Refund Pool as qualified Settlement

9  funds for all reporting purposes under the federal tax laws.  For

10 the purpose of Section 468B of the Internal Revenue Code of 1986,

11 as amended, and the regulations promulgated thereunder, the

12 "administrator" shall be the Escrow Agent.  The Escrow Agent

13 shall timely and properly file all informational and other tax

14 returns necessary or advisable with respect to the Settlement

15 Fund and the Refund Pool (including without limitation the

16 returns described in Treas. Reg. Section 1.468B-2(k)).  Such

17 returns shall be consistent with this paragraph and in all events

18 shall reflect that all taxes (including any interest or

19 penalties) on the income earned by the Settlement Fund shall be

20 paid out of the Settlement Fund and the Refund Pool.  Taxes and

21 tax expenses shall be treated as, and considered to be, a cost of

22 administration of the Settlement Fund and the Refund Pool and

23 paid without prior order from the Court.  The Escrow Agent shall

24 be obligated (notwithstanding anything herein to the contrary) to

25 withhold from distribution to Settlement Class Members any funds

26 necessary to pay such amounts, including the establishment of

27 adequate reserves for any taxes and tax expenses (as well as any

28 amounts that may be required to be withheld under Treas. Reg.

21

la-701356

1  Section 1.468B-2(1)(2)).   The parties hereto agree to cooperate
2  with the Escrow Agent, each other, and their tax attorneys and
3  accountants to the extent reasonably necessary to carry out the
4  provisions of this Paragraph.

5      5.5.   The Settlement Fund and Refund Pool shall be within
6  the control and jurisdiction of the Court, custodia legis, until
7  such time as it is distributed to Settlement Class Members
8  pursuant to the Plan of Allocation or otherwise disposed of by
9  the Court.

10     5.6.   In the event that the Stipulation is not approved, or
11  is terminated, canceled, or fails to become effective for any
12  reason, the Settlement Fund and Refund Pool (including accrued
13  interest) less reasonable and appropriate expenses actually
14  incurred or due and owing in connection with the Settlement
15  provided for herein, shall be refunded as described in
16  paragraph 12.3 below.

17     5.7.   In further consideration of the Settlement set forth
18  in this Stipulation, for a period of two years following the
19  Effective Date:

20           5.7.1.   Herbalife International of America, Inc. will
21                require that every Herbalife Distributor who sells
22                independently produced and marketed Business
23                Methods must, for 90 days after the purchase, offer
24                a refund, upon request, to any Herbalife
25                Distributor of all Business Method materials
26                purchased, as long as the materials are returned
27                and proof of purchase is provided; and

28

1               5.7.2.     Herbalife International of America, Inc. will

2                     require that each Herbalife Distributor who sells

3                     Business Methods must provide, simultaneously or in

4                     advance of such sale, written notification advising

5                     that such purchase is not required to be an

6                     Herbalife Distributor and that the refund as set

7                     forth in paragraph 5.7.1 is available.

8 **6. ENTRY OF PRELIMINARY APPROVAL ORDER AND NOTICE TO THE**

9 **SETTLEMENT CLASS**

10       6.1.    Promptly upon execution of this Stipulation, the

11 parties shall submit the Stipulation together with its exhibits

12 and shall jointly apply to the Court for entry of the Preliminary

13 Approval Order which includes provisions that, among other

14 things, will:

15               6.1.1.     Preliminarily approve the Stipulation and the

16                     Settlement, as well as the Plan of Allocation, as

17                     being fair, reasonable and adequate to the

18                     Settlement Class.

19               6.1.2.     Approve the form of Proof of Claim.

20               6.1.3.     Approve the form of Notice of Proposed

21                     Settlement.

22               6.1.4.     Order that the Notice of Proposed Settlement

23                     and Proof of Claim form be disseminated in the

24                     manner set forth in the Preliminary Approval Order.

25               6.1.5.     Approve the form of Summary Notice and order

26                     that the Summary Notice be published in the manner

27                     set forth in the Preliminary Approval Order.

28

6.1.6.    Provide that any Settlement Class Member who is a Former Herbalife Supervisor and wishes to participate in the Settlement Fund or receive reimbursement for Newest Way to Wealth Promotional Materials from the Refund Pool as set forth in paragraphs 5.1.1 through 5.1.2 must submit a valid Proof of Claim and/or Refund Request pursuant to the instructions contained therein within 120 days after approval by the Court of the Preliminary Approval Order.

6.1.7.    Provide that any Settlement Class Member who is a Current Herbalife Supervisor and who wishes to receive the rebate described in paragraph 5.1.3 must submit the Rebate Request section of the Proof of Claim form pursuant to the instructions contained therein by within 120 days after approval by the Court of the Preliminary Approval Order.

6.1.8.    Provide that any person falling within the definition of the Settlement Class who desires to be excluded from the Settlement Class must request exclusion by submitting a timely and valid exclusion request, pursuant to the instructions in the Notice of Proposed Settlement, to the Claims Administrator not later than fifteen (15) days before the Settlement Hearing.

6.1.9.    Provide that Settlement Class Members who do not file valid and timely requests for exclusion will be (i) bound by the Judgment dismissing the

24

la-701356

Action on the merits and with prejudice and
(ii) permanently barred and enjoined from
commencing, prosecuting or participating in the
recovery in any direct or representative action, or
any action in any other capacity, asserting or
relating to any of the Released Claims;

6.1.10.   Find that the notice to be given in
accordance with the Preliminary Approval Order
constitutes the best notice practicable under the
circumstances and constitutes valid, due and
sufficient notice to all members of the Settlement
Class, complying fully with the requirements of
Rule 23 of the Federal Rules of Civil Procedure,
the Constitution of the United States, and any
other applicable law;

6.1.11.   Schedule a Settlement Hearing to consider and
determine whether the Settlement proposed under the
terms of this Stipulation should be approved as
fair, reasonable and adequate, and whether the
Judgment approving the Stipulation and dismissing
the Action on the merits and with prejudice,
against Plaintiffs and Settlement Class Members,
should be entered, and to consider the  Plan of
Allocation and request for an award of attorney's
fees and reimbursement of expenses;

6.1.12.   Provide that the Settlement Hearing and
hearing on the Plan of Allocation and request for
an award of attorneys' fees and reimbursement of

25

1  expenses may, from time-to-time and without further

2  notice to the Settlement Class, be continued or

3  adjourned by order of the Court; and

4      6.1.13.   Provide that objections by any Settlement

5  Class Member to: (i) the proposed Settlement;

6  (ii) entry of the Judgment; (iii) the Plan of

7  Allocation or entry of an order approving same; or

8  (iv) the proposed award of attorneys' fees and

9  reimbursement of expenses to Plaintiffs' Counsel

10  shall be heard and any papers submitted in support

11  of said objections shall be considered by the Court

12  at the Settlement Hearing only if, no later than

13  fifteen (15) days before the Settlement Hearing,

14  such objector files with the Court a written notice

15  of his, her or its intention to appear, submits

16  documentary proof that he, she or it is a member of

17  the Settlement Class, states the basis for the

18  objections, and serves copies of the foregoing

19  papers and all other papers in support of such

20  objections upon counsel for the parties, as

21  directed by the Notice of Proposed Settlement, in

22  such a manner as to ensure that such papers are

23  actually received by designated counsel no later

24  than fifteen (15) days before the Settlement

25  Hearing.

26      6.1.14.   Provide that, on the Effective Date, all

27  Settlement Class Members, whether or not they file

28  a Proof of Claim or sign a release, shall be barred

26

la-701356

1          from asserting any Released Claims against any of

2          the Released Parties, and each and all Settlement

3          Class Members shall conclusively be deemed to have

4          released and forever discharged any and all such

5          Released Claims as against all of the Released

6          Parties.

**7. NOTICE AND ADMINISTRATION COST**

7.1.    The Claims Administrator shall establish a Class Notice and Administration Fund ("Notice Fund").  The Escrow Agent shall deposit $150,000 into the Notice Fund from the Settlement Fund (unless Plaintiffs' and the Herbalife Defendants' Counsel agree in a writing submitted to the Escrow Agent that said amount may be exceeded) for use in paying the expenses identified in paragraphs 7.2 and 7.3.  In no event shall the Herbalife Defendants be required to make any payment, other than that set forth in paragraph 5.1.1, in order to pay the expenses identified in paragraphs 7.2 and 7.3.

7.2.    After the entry by the Court of the Preliminary Approval Order and prior to the Effective Date, the Notice Fund may be used by the Claims Administrator to pay the following expenses: (1) the reasonable fees and expenses of the Escrow Agent and Claims Administrator; (2) the cost of printing and mailing the Notice of Proposed Settlement and the Proof of Claim; (3) the cost of publishing the Summary Notice; (4) the cost of identifying potential members of the Class; (5) reasonable postage and post office box expenses; (6) the cost of processing and administering Proofs of Claim submitted by Settlement Class Members; (7) the cost of administering the Settlement Fund; and

STIPULATION OF SETTLEMENT

la-701356

1  (8) other reasonable and customary fees and expenses as may be

2  agreed upon in writing signed by Plaintiffs' Counsel and the

3  Herbalife Defendants' Counsel.  The Claims Administrator shall

4  pay these expenses upon the joint written authorization of

5  Plaintiffs' Counsel and the Herbalife Defendants' Counsel without

6  requiring approval of the Court.  The Claims Administrator shall

7  maintain accurate records of all expenditures made under this

8  paragraph, and shall provide the records upon request to

9  Plaintiffs' Counsel and the Herbalife Defendants' Counsel.  None

10  of the Settling Parties, or any of their counsel, shall have any

11  responsibility to pay the expenses described in this paragraph,

12  except out of the Settlement Fund.

13      7.3.   After the entry of the Preliminary Approval Order and

14  prior to the Effective Date, earnings on the investment of the

15  Settlement Fund may be used to pay the actual amount of any taxes

16  assessed against the Settlement Fund or the Refund Pool.  The

17  Claims Administrator shall pay these expenses without the prior

18  approval of the Court.  The Claims Administrator shall maintain

19  accurate records of all expenditures made pursuant to this

20  paragraph, and shall provide the records upon request to

21  Plaintiffs' Counsel and the Herbalife Defendants' Counsel.  None

22  of the Settling Parties, or any of their counsel, shall have any

23  responsibility for the payment of taxes described in this

24  paragraph.

25  **8. THE STATE COURT JUDGMENT AND ORDERS OF DISMISSAL**

26      8.1.   Upon entry of the Judgment, the parties shall jointly

27  submit to the State Court, and apply for entry of, the State

28  Court Judgment.

STIPULATION OF SETTLEMENT

la-701356

**9. RELEASES**

9.1.   As of the Effective Date, Plaintiffs on their own behalf and on behalf of all Releasors, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released all Released Claims against all Released Parties.

9.2.   As of the Effective Date, Plaintiffs on their own behalf and on behalf of all Releasors, hereby expressly agree that they shall not institute, maintain or assert derivatively, on behalf of the Settlement Class, on behalf of the general public, or on behalf of any other person or entity, the Released Claims against any or all of the Released Parties.

9.3.   As of the Effective Date each of the Defendants, shall be deemed to have and by operation of the Judgment shall have fully, finally, and forever released the Plaintiff and Plaintiffs' counsel from all claims known or unknown, based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Action or the State Court action.

9.4.   With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Releasors shall be deemed to, and by operation of the Judgment shall, waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code Section 1542, which provides:

>            A general release does not extend to claims
>            which the creditor does not know or suspect
>            to exist in his favor at the time of
>            executing the release, which if known by him

1                     must have materially affected his Settlement

2                     with the debtor.

3       9.5.   Also with respect to any and all Released Claims, the

4 Releasors waive any rights or benefits afforded by any similar

5 statute or law, or principle of common law of any other

6 jurisdiction.

7 **10.   ALLOCATION OF SETTLEMENT FUND AND REFUND POOL**

8       10.1.  Defendants shall have no responsibility for proposing

9 the terms of the allocation of the Settlement Fund or the Refund

10 Pool.  The proposed Plan of Allocation shall be considered by the

11 Court separately from the Court's consideration of the fairness,

12 reasonableness, and adequacy of the Settlement set forth in this

13 Stipulation.  Any orders or proceedings relating to the proposed

14 Plan of Allocation shall not operate to terminate or cancel this

15 Stipulation, and shall have no effect on the finality of the

16 Judgment to be entered pursuant to this Stipulation.

17       10.2.  Each Settlement Class Member who is a Former

18 Herbalife Supervisor and desires to participate in the Settlement

19 Fund must submit to the Claims Administrator a Proof of Claim, in

20 the form attached hereto as Exhibit F.  The procedures pursuant

21 to which the Proof of Claim must be submitted shall be set forth

22 in the Proof of Claim.  To be valid, a Proof of Claim must be:

23 (1) completed in a manner that permits the Claims Administrator

24 to determine the eligibility of the claim; (2) signed with an

25 affirmation that the information provided is true and correct;

26 and (3) postmarked for delivery to the Claims Administrator no

27 later than the date to be set forth in the Preliminary Order.

28 Unless otherwise permitted by the Court, all Former Herbalife

30

la-701356

1    Supervisors who submit a valid and timely Proof of Claim shall be

2    Authorized Claimants, and shall share in the distribution of the

3    Settlement Fund as provided in paragraph 5.1.1.  All Former

4    Herbalife Supervisors who do not submit valid and timely Proofs

5    of Claim shall be forever barred from receiving any payments from

6    the Settlement Fund, but will in all other respects be subject to

7    and bound by the provisions of this Stipulation and the Judgment.

8        10.3.  Each Settlement Class Member who is a Former

9    Herbalife Supervisor and who desires to participate in the Refund

10   Pool must submit to the Claims Administrator the Refund Request

11   section of the Proof of Claim, in the form attached hereto as

12   Exhibit F.  The procedures pursuant to which the Refund Request

13   must be submitted shall be set forth in the Proof of Claim form.

14   To be valid, the Refund Request section of a Proof of Claim form

15   must be: (1) completed in a manner that permits the Claims

16   Administrator to determine the eligibility for the refund;

17   (2) signed with an affirmation that the information provided is

18   true and correct; and (3) postmarked for delivery to the Claims

19   Administrator no later than the date to be set forth in the

20   Preliminary Order.  Unless otherwise permitted by the Court, all

21   Former Herbalife Supervisors who submit a valid and timely Refund

22   Request shall be Authorized Refund Claimants, and shall share in

23   the distribution of the Refund Pool as provided in paragraph

24   5.1.2.  All Former Herbalife Supervisors who do not submit valid

25   and timely Refund Requests shall be forever barred from receiving

26   any payments from the Refund Pool, but will in all other respects

27   be subject to and bound by the provisions of this Stipulation and

28   the Judgment.

STIPULATION OF SETTLEMENT

la-701356

1    10.4.  Each Settlement Class Member who is a Current

2    Herbalife Supervisor and desires to participate in the rebate

3    described in paragraph 5.1.3 must submit to the Claims

4    Administrator the Rebate Request section of the Proof of Claim

5    form, in the form attached hereto as Exhibit F.  The procedures

6    pursuant to which the Rebate Request must be submitted shall be

7    set forth in the Proof of Claim form.  To be valid, the Rebate

8    Request section of the Proof of Claim form must be: (1) completed

9    in a manner that permits the Claims Administrator to determine

10   the eligibility for the rebate; (2) signed with an affirmation

11   that the information provided is true and correct; and

12   (3) postmarked for delivery to the Claims Administrator no later

13   than the date to be set forth in the Preliminary Order.  Unless

14   otherwise permitted by the Court, all Current Herbalife

15   Supervisors who submit a valid and timely Rebate Request shall

16   participate in the rebate as provided in paragraph 5.1.3.  All

17   Current Herbalife Supervisors who do not submit a valid and

18   timely Rebate Request shall be forever barred from receiving any

19   rebates, but will in all other respects be subject to and bound

20   by the provisions of this Stipulation and the Judgment.

21   10.5.  Any person falling within the definition of the

22   Settlement Class who does not wish to participate in the Net

23   Settlement Fund under paragraph 5.1.1, the Refund Pool under

24   paragraph 5.1.2, receive the rebates under paragraph 5.1.3, or be

25   bound by the dismissals and releases provided for in this

26   Stipulation in paragraphs 8.1 through 9.5, must request exclusion

27   from the Settlement Class.  A request for exclusion must state:

28   (1) the name, address, and telephone number of the person

32

STIPULATION OF SETTLEMENT

la-701356

1  requesting exclusion; and (2) that the person wishes to be

2  excluded from the Settlement Class. The exclusion request must

3  be sent by mail to the Claims Administrator and postmarked on or

4  before the date provided in the Preliminary Order. The Claims

5  Administrator shall deliver copies of any and all requests for

6  exclusion to Plaintiffs' Counsel and Herbalife Defendants'

7  Counsel at least fifteen (15) days before the Settlement Hearing.

8  Plaintiffs' Counsel shall file any and all such requests with

9  the Court at or before the Settlement Hearing. All persons who

10 submit valid and timely requests for exclusion in the manner set

11 forth in this paragraph shall have no rights under this

12 Stipulation, and shall not share in the distribution of the Net

13 Settlement Fund or receive any discounts. All persons falling

14 within the definition of the Settlement Class who do not request

15 exclusion in the manner set forth in this paragraph shall be

16 Settlement Class Members and shall be bound by this Stipulation

17 and Judgment.

18      10.6. Neither the Herbalife Defendants nor the Herbalife

19 Defendants' Counsel shall have any responsibility for, or

20 liability whatsoever with respect to, the investment,

21 administration, or distribution of the Settlement Fund or Refund

22 Pool.

23 **11. ATTORNEYS' FEES AND DISBURSEMENT OF EXPENSES**

24      11.1. Plaintiffs' Counsel may apply to the Court at the

25 Settlement Hearing, for (i) an award of attorneys' fees from the

26 Settlement Fund; and (ii) reimbursement of their expenses and

27 costs, including expenses incurred for experts. Plaintiffs and

28

1    Plaintiffs' Counsel agree that they will not seek to collect any

2    attorneys' fees, expenses or costs from Defendants.

3         11.2.  The attorneys' fees, expenses, and costs to be

4    distributed to Plaintiffs' Counsel shall be paid by the Escrow

5    Agent to Plaintiffs' Counsel from the Settlement Fund, within

6    five (5) business days after the Court executes an order awarding

7    such fees and expenses.  In the event that the Effective Date

8    does not occur, or the Judgment or the order making the fee and

9    expense award is reversed or modified on appeal, and in the event

10   that the fee and expense award has been paid to any extent,

11   Plaintiffs' Counsel shall, within five (5) business days from

12   receiving notice from the Herbalife Defendants' Counsel or from a

13   court of appropriate jurisdiction, refund to the Settlement Fund,

14   the fees, expenses, and costs, previously paid to them from the

15   Settlement Fund in an amount consistent with such reversal or

16   modification, with interest on such refund at the same rate as

17   earned on the Settlement Fund from the date such fees or expenses

18   were paid to Plaintiffs' Counsel until the date of such refund.

19   Each such Plaintiffs' Counsels' law firm, as a condition of

20   receiving such fees and expenses, on behalf of itself and each

21   partner and/or shareholder of it, agrees that the law firm and

22   its partners and/or shareholders are subject to the jurisdiction

23   of the Court for the purpose of enforcing this paragraph of the

24   Stipulation.  Without limitation, each such law firm and its

25   partners and/or shareholders agree that the Court may, upon

26   application of the Herbalife Defendants on notice to affected

27   Plaintiffs' Counsel, summarily issue orders, including but not

28   limited to, judgments and attachment orders, and may make

1  appropriate findings of or sanctions for contempt, against them

2  or any of them should such law firm fail timely to repay fees and

3  expenses pursuant to this paragraph.

4      11.3.  Any orders or proceedings relating to the application

5  of Plaintiffs' Counsel for an award of attorneys' fees, costs,

6  and expenses shall not operate to terminate or cancel this

7  Stipulation, and shall have no effect on the finality of the

8  Judgment to be entered pursuant to this Stipulation.

9  **12.   TERMINATION OF SETTLEMENT AGREEMENT**

10     12.1.  The Herbalife Defendants may, in their sole and

11  absolute discretion, elect to terminate the Stipulation if

12  exclusion requests made pursuant to paragraph 10.5 show that the

13  number of Settlement Class Members to be excluded from the

14  Settlement Class exceeds a certain number (the "tip-over

15  number").  The tip-over number shall be stated in an agreement

16  between the Herbalife Defendants' Counsel and Plaintiffs' Counsel

17  that shall be executed simultaneously with the Stipulation.  Such

18  agreement shall not be filed with the Court unless and until a

19  dispute among the parties concerning its interpretation or

20  adjudication arises and in that event it shall be filed and

21  maintained under seal.

22     12.2.  In order to terminate this Stipulation pursuant to

23  paragraph 12.1, the Herbalife Defendants must serve a written

24  notice of termination on the Court and on Plaintiffs' Counsel, by

25  hand-delivery or by first class mail, such that notice is

26  delivered or postmarked within five (5) business days after the

27  Herbalife Defendants' Counsel receives copies of the requests for

28  exclusion as provided for in paragraph 10.5 or within five (5)

1  business days after the Court grants any additional request for
2  exclusion from the Settlement Class for any reason.

3      12.3.  If the Effective Date does not occur or if the
4  Herbalife Defendants terminate this Stipulation as provided in
5  paragraph 12.1, then this Stipulation shall have no further force
6  or effect and the Settling Parties shall revert to their
7  respective positions as of December 12, 2003, as though this
8  Stipulation had never been executed.  In that event, within five
9  (5) business days after written notification of such event is
10 sent by the Herbalife Defendants' Counsel or Plaintiffs' Counsel
11 to the Escrow Agent, the Settlement Fund or Refund Pool(including
12 accrued interest), plus any amount then remaining in the Notice
13 Fund (including accrued interest), less expenses and any costs
14 which have either been disbursed pursuant to paragraphs 7.1
15 through 7.3 hereto, or are determined to be chargeable to the
16 Notice Fund, shall be refunded by the Escrow Agent to the
17 Herbalife Defendants' Counsel.  In such event, the Herbalife
18 Defendants shall be entitled to any tax refund owing to the
19 Settlement Fund or Refund Pool.  At the request of the Herbalife
20 Defendants, the Escrow Agent or its designee shall apply for any
21 such refund and pay the proceeds, after deduction of any fees or
22 expenses incurred in connection with such application(s) for a
23 refund, to the Herbalife Defendants.

24 **13.  OTHER PROVISIONS OF THE SETTLEMENT**

25     13.1.  The Plaintiffs and Plaintiffs' Counsel acknowledge
26 that they have not established any proof of violation of state or
27 federal laws on the part of the Defendants.

28

1    13.2.  The parties agree that neither the parties nor their
2    counsel shall contact any representative of the media or
3    otherwise initiate any publicity regarding the Settlement, other
4    than the class notice.  Plaintiffs' Counsel shall not be deemed
5    in violation of the paragraph if they refer to this case or this
6    Settlement in firm marketing materials.

7    13.3.  The parties agree that in the event any party or its
8    counsel is contacted by any representative of the media regarding
9    the Stipulation and the Settlement, all public comments by any
10   party or its counsel regarding the Action against the Defendants
11   shall be limited to reiteration of the contents of public filings
12   concerning the Settlement.

13   13.4.  Upon the execution of this Stipulation of Settlement,
14   all discovery and other proceedings in the Action shall be stayed
15   until further order of the Court, except such proceedings as may
16   be necessary to implement the Settlement or comply with or
17   effectuate the terms of this Stipulation.

18   13.5.  In the event this Stipulation is not approved by the
19   Court in its present form, or the conditions required for the
20   Settlement to be consummated do not occur, then the parties
21   hereto shall be restored to their respective positions as of
22   December 12, 2003, the terms and provisions of the Stipulation
23   shall have no further force and effect with respect to the
24   parties and, to the extent permitted by law, shall not be used in
25   any action or proceeding for any purpose and any orders entered
26   by the Court in accordance with the terms of the Stipulation
27   shall be treated as vacated nunc pro tunc.

28

STIPULATION OF SETTLEMENT
la-701356

1    13.6.  The parties acknowledge that it is their intent to
2    consummate this Stipulation and agree to cooperate to the extent
3    necessary to effectuate and implement all terms and conditions of
4    the Stipulation and exercise their best efforts to establish the
5    foregoing terms and conditions of the Stipulation.

6    13.7.  All of the exhibits of this Stipulation are material
7    and integral parts hereof, and are fully incorporated herein by
8    reference.

9    13.8.  The undersigned counsel represent that they are fully
10   authorized to execute and enter into the terms and conditions of
11   the Stipulation on behalf of their respective clients.

12   13.9.  This Stipulation (along with the exhibits thereto,
13   excepting Exhibit D) constitutes the entire agreement among the
14   Settling Parties and supersedes any prior agreements or
15   understandings between them.  All terms of this Stipulation are
16   contractual and not mere recitals and shall be construed as if
17   drafted by all Settling Parties.  The terms of this Stipulation
18   are and shall be binding upon and inure to the benefit of each of
19   the parties hereto, their agents, attorneys, employees, heirs,
20   successors, and assigns, and upon all other persons claiming any
21   interest in the subject matter hereto through any of the parties
22   hereto, including any Plaintiff or Settlement Class Member.

23   13.10. This Stipulation may be amended or modified only by a
24   written instrument signed by or on behalf of all parties hereto
25   or their successors in interest.  Amendments and modifications
26   may be made without notice to the Settlement Class, unless notice
27   is required by the Court.

28

13.11. This Stipulation may be executed in counterparts or by fax, with each counterpart or fax signature having the same force and effect as an original.  All executed counterparts and each of them shall be deemed to be the one and the same instrument.  Counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts and a complete set of original executed counterparts shall be filed with the Court.  The Court shall have exclusive and continuing jurisdiction over the implementation, interpretation, and execution of this Stipulation and all exhibits thereto, with respect to all parties hereto, including all Settlement Class Members.

STIPULATION OF SETTLEMENT

la-701356

1      13.12. The rights and obligations of the parties to the

2   Stipulation shall be construed and enforced in accordance with,

3   and governed by the laws of the State of California.

4

5   Dated:  May _21_, 2004

6

7                                MORRISON & FOERSTER LLP

8                                By: _____

9                                    Charles E. Patterson
                                     Attorneys for Defendants
10                                   HERBALIFE INTERNATIONAL, INC.,
                                     and HERBALIFE INTERNATIONAL OF
11                                   AMERICA, INC.

    Dated:  May __, 2004
12

13                               GILMAN AND PASTOR LLP

14

15                               By: _____

16                                   Douglas M. Brooks
                                     Attorneys for Plaintiffs
17                                   NANCY JACOBS and ANNETTE M.
                                     SANCHEZ, Individually On Behalf of
18                                   Themselves and All Others
                                     Similarly Situated, and on Behalf
19                                   of the General Public

    Dated:  May __, 2004
20

21                               SCHUBERT & REED LLP

22

23                               By: _____

24                                   Robert C. Schubert
                                     Attorneys for Plaintiffs NANCY
25                                   JACOBS and ANNETTE M. SANCHEZ,
                                     Individually On Behalf of
26                                   Themselves and All Others Similarly
                                     Situated, and on Behalf of the
27                                   General Public

28

                                        40
                              STIPULATION OF SETTLEMENT
    la-701356

1    13.12. The rights and obligations of the parties to the

2  Stipulation shall be construed and enforced in accordance with,

3  and governed by the laws of the State of California.

4

5  Dated:   May ___, 2004

6

7                              MORRISON & FOERSTER LLP

8                              By: _____
                                       Charles E. Patterson
9                                  Attorneys for Defendants
                                   HERBALIFE INTERNATIONAL, INC.,
10                                 and HERBALIFE INTERNATIONAL OF
                                   AMERICA, INC.
11
   Dated:   May 21, 2004
12

13                             GILMAN AND PASTOR LLP

14

15                             By: _____
                                       Douglas M. Brooks
16                                 Attorneys for Plaintiffs
                                   NANCY JACOBS and ANNETTE M.
17                                 SANCHEZ, Individually On Behalf of
                                   Themselves and All Others
18                                 Similarly Situated, and on Behalf
                                   of the General Public
19
   Dated:   May 21, 2004
20

21                             SCHUBERT & REED LLP

22

23                             By: ROBERT C SCHUBERT
                                       Robert C. Schubert
24                                 Attorneys for Plaintiffs NANCY
                                   JACOBS and ANNETTE M. SANCHEZ,
25                                 Individually On Behalf of
                                   Themselves and All Others Similarly
26                                 Situated, and on Behalf of the
                                   General Public
27

28

                                    40
                           STIPULATION OF SETTLEMENT
   1a-701356

1  Dated: May 20, 2004

2

3                          QUARLES & BRADY STREICH LANG, LLP

4                          By: _____
                                    Kevin D. Quigley
5                               Attorneys for Defendant
6                               DREAMBUILDERS AND ASSOCIATES
                                INTERNATIONAL, INC.
7

8  Dated: May ___, 2004

9

10                         JUDKINS, GLATT, GETZ, GALLAGHER &
                           BONANNO LLP
11

12                         By: _____
                                    David H. Getz
13                              Attorneys for Defendant
                                H.B. INTERNATIONAL GROUP, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   _____
                        41
                STIPULATION OF SETTLEMENT
   la-701356

1   Dated:   May __, 2004

2

3                                   QUARLES & BRADY STREICH LANG, LLP

4

5                                   By: _____
                                             Kevin D. Quigley
6                                        Attorneys for Defendant
                                         DREAMBUILDERS AND ASSOCIATES
7                                        INTERNATIONAL, INC.

8   Dated:   May _18_, 2004

9

10                                  JUDKINS, GLATT, GETZ, GALLAGHER &
                                    BONANNO LLP

11

12                                  By: _____
                                             David H. Getz
13                                       Attorneys for Defendant
                                         H.B. INTERNATIONAL GROUP, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    41
                            STIPULATION OF SETTLEMENT

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   NANCY JACOBS and ANNETTE M.            No.   02-01431 SJO (RCx)
12   SANCHEZ, Individually On Behalf
     of Themselves and All Others
13   Similarly Situated, and on Behalf      [PROPOSED] FINAL JUDGMENT
     of the General Public,                 AND ORDER OF DISMISSAL
14
                         Plaintiffs,
15                                          Hon. S. James Otero
          v.
16                                          Discovery Cut-off: none set
     HERBALIFE INTERNATIONAL, INC.,         Trial Date: none set
17   HERBALIFE INTERNATIONAL OF
     AMERICA, INC., DREAM BUILDERS &
18   ASSOCIATES INTERNATIONAL, INC.,
     H.B. INTERNATIONAL GROUP, INC.,
19   ANTHONY POWELL, DORAN ANDRY,
     CRAIG M. TSUTAKAWA, CAROLINE
20   TSUTAKAWA, TARUN JUNEJA, JOHN
     BEALL, BRETT BARTHOLOMEW, LEAH
21   SINGLETON, STEPHEN COMBS AND
     DEBRA COMBS,
22
                         Defendants.
23

24

25

26

27

28

_____
                [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
     la-703048                                       EXHIBIT A PAGE 42

1    This matter came on for hearing on _____, 2004.

2  The Court has considered the Stipulation of Settlement (the

3  "Stipulation") and all oral and written objections, briefs, and

4  comments received regarding the proposed Settlement, and has

5  reviewed the entire record.  Good cause appearing,

6    IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

7    1.   The Court, for purposes of this Judgment and Order of

8  Dismissal, adopts the definitions set forth in paragraphs 1.1

9  through 1.53 of the Stipulation.

10    2.   The Court has jurisdiction over the subject matter of

11  this Action, the Plaintiffs, the Settlement Class Members, the

12  Herbalife Defendants, Dream Builders & Associates International,

13  Inc. and H.B. International Group, Inc.

14    3.   The Court finds that the distribution of the Notice of

15  Proposed Settlement, the Proof of Claim form and the publication

16  of the Summary Notice as provided for in the Order Preliminarily

17  Approving Settlement, Approving Notice of Proposed Settlement and

18  Setting Settlement Hearing signed _____, 2004

19  ("Preliminary Approval Order") constituted the best notice

20  practicable under the circumstances to all Persons within the

21  definition of the Settlement Class, and fully complied with

22  Rule 23 of the Federal Rules of Civil Procedure, the United

23  States Constitution, and any other applicable law.

24    4.   The Court approves the Settlement set forth in the

25  Stipulation and each of the releases and other terms, as fair,

26  reasonable, and adequate to the Settling Parties.  The Settling

27

28

3

1  Parties shall consummate the Settlement in accordance with its
2  terms as set forth in the Stipulation.

3      5.    This Action, and all claims contained therein, are
4  dismissed on the merits and with prejudice as to the Plaintiffs
5  and all Settlement Class Members and without prejudice as to any
6  non-certified potential putative class members falling outside
7  the definition of the Settlement Class approved by the Court.
8  This dismissal shall be without costs to any party.

9      6.    As of the Effective Date, all Releasors shall
10 conclusively be deemed to have, and by operation of this Judgment
11 shall have, released and forever discharged the Released Parties
12 from all Released Claims.

13     7.    As of the Effective Date, all Releasors shall
14 conclusively be deemed to have acknowledged that the Released
15 Claims include all claims, rights, demands, causes of action,
16 liabilities, or suits, including Unknown Claims, as of the
17 Effective Date.   The Releasors nonetheless release all such
18 claims.   All Releasors shall further, as of the Effective Date,
19 conclusively be deemed to have waived the rights afforded by
20 California Civil Code Section 1542, and any similar statute or
21 law, or principle of common law, of California or any other
22 jurisdiction.

23     8.    As of the Effective Date, Releasors and all Persons in
24 privity with them and all Persons acting in concert or
25 participation with them, either directly or indirectly,
26 representatively or in any other capacity, including but not
27 limited to predecessors in interest, successors and assigns,
28

4

1  representatives, advisors, agents, attorneys, heirs, spouses,

2  administrators, executors, insurers, and accountants, are hereby

3  permanently barred and enjoined from commencing, prosecuting, or

4  participating in the recovery of any direct or representative

5  action, or any action in any other capacity, asserting or

6  relating to any of the Released Claims against the Released

7  Parties in this or any other forum.

8      9.   The Court reserves exclusive and continuing

9  jurisdiction over this Action, the Plaintiffs, the Settlement

10 Class, and the Defendants for purposes including: (1) supervising

11 the implementation, enforcement, construction and interpretation

12 of the Stipulation and all exhibits, the Preliminary Approval

13 Order, the Plan of Allocation, and this Judgment; (2) hearing and

14 determining the Plan of Allocation and any application by

15 Plaintiffs' Counsel for an award of attorneys' fees, costs and

16 expenses; and (3) supervising the distribution of the Settlement

17 Fund, Refund Pool and 10% rebate set forth in ¶¶ 5.1.1 through

18 5.1.3 of the Stipulation.

19     10.  Neither this Judgment, nor the Stipulation, nor any of

20 their terms or provisions, nor any of the negotiations or

21 proceedings connected with them, shall be: (1) construed as an

22 admission or concession by Defendants of the truth of any of the

23 allegations in the Complaint, or of any liability, fault, or

24 wrongdoing of any kind; or (2) construed as an admission by the

25 ///

26 ///

27 ///

28

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

la-703048                            EXHIBIT A PAGE 45

1  Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel as

2  to any lack of merit of the Action.

3       11.  The clerk is ordered to enter this Judgment forthwith.

4

5  Dated: _____    _____

6                                  S. James Otero
                    United States District Court Judge

la-703048

EXHIBIT A   PAGE 46

## RELEASE AGREEMENT

### PARTIES

This Release Agreement ("Agreement"), consisting of ten (10) pages, is entered into as of May 21, 2004, between the following:

(1)     DreamBuilders & Associates International, Inc., H.B. International Group, Inc., Anthony Powell, Doran Andry, Tarun Juneja,, John Beall, Leah Singleton, Brett Bartholomew, Stephen Combs and Debra Combs ("the NWTW Defendants"); and

(2)     Herbalife International, Inc. and Herbalife International of America, Inc. ("Herbalife").

These persons and corporations as a group are collectively referred to in this Agreement as "the parties".

### FACTUAL BACKGROUND

This Agreement is made with reference to the following facts:

1.     On or about February 15, 2002, Nancy Jacobs ("Jacobs"), on behalf of herself, a putative class of "others similarly situated" and the general public, filed a lawsuit in the United States District Court for the Central District of California, No. 02-01431 FMC (RCx) ("the federal action"), naming the parties to this Agreement as defendants. Jacobs alleged the following causes of action: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962(c) and (d)); (2) common law fraud and deceit; (3) violation of California's endless chain scheme law (Cal. Penal Code § 327); (4) violation of California's

EXHIBIT _B_ PAGE 47

seller assisted marketing plan laws (Cal. Civ. Code § 1812.200 et seq.); and (6) violation of California Business and Professions Code Section 17200 et seq.

2. Jacobs' complaint sought, among other things, injunctive relief, rescission of the class members' contracts with Herbalife and recovery of the contract consideration paid by them, compensatory, treble, exemplary and punitive damages in an unspecified amount, disgorgement of earnings and profits, costs, interest, attorney's fees and other relief.

3. On or about April 22, 2002, Herbalife filed a motion to dismiss Jacobs' complaint pursuant to Rules 12(b) (6) and 9(b) of the Federal Rules of Civil Procedure. On November 21, 2002, the Court entered an order granting Herbalife's motion to dismiss the federal action with leave to amend.

4. On or about January 2, 2003 Jacobs filed an amended complaint in the federal action with a second named plaintiff, Annette Sanchez, and asserted the same causes of action as the original complaint. The parties to this Agreement again filed a motion to dismiss the amended complaint, on January 23, 2003 which the Court granted as to Jacobs' and Sanchez's RICO claims and denied as to their state statutory and common law claims on April 17, 2003. Leave to allege a violation of the federal securities laws was given.

5. On May 2, 2003, Jacobs and Sanchez filed a second amended complaint ("Complaint") in the federal action expanding the class definition and asserting securities law violations which had not previously been asserted, as well as the state statutory and common law claims previously asserted. Herbalife filed a motion to dismiss the Complaint, which the Court denied on August 14, 2003. Anthony Powell, Doran Andry, Tarun Juneja, John Beall, Brett Bartholomew, Leah Singleton, Stephen Combs and Debra Combs also filed a motion to dismiss the Complaint, which the Court granted as to the securities claims.

EXHIBIT B PAGE 48

6.      On August 28, 2003, Anthony Powell and Tarun Juneja filed a motion requesting that the Court decline to exercise supplemental jurisdiction over the state law claims and dismiss the federal action. On October 29, 2003, the Court granted Powell and Juneja's motion and declined to exercise supplemental jurisdiction over the state law claims as to all parties hereto.

7.      On October 13, 2003, Sanchez and Jacobs filed a motion for class certification in the federal action. The Court has not yet ruled on that motion, which was withdrawn, without prejudice, on December 8, 2003, pending approval of a Stipulation of Settlement in the federal action entered into between Herbalife and plaintiffs.

8.      On November 23, 2003, a putative class action was filed in the Superior Court for the State of California, County of San Francisco, under the caption *Nancy Jacobs and Annette M. Sanchez, Individually, on Behalf of themselves and All Others similarly Situated and on behalf of the General Public vs. Herbalife International, Inc., Herbalife International of America, Inc., H.B. International Group, Inc., Anthony Powell, Doran Andry, Craig M. Tsutakawa, Caroline Tsutakawa, Tarun Juneja, John Beall, Brett Bartholomew, Leah Singleton, Stephen Combs and Debra Combs,* Case No. __ 03426762. ("the state action") The state action has not been served.

9.      No cross-complaints have been filed in the federal action between the parties to this Agreement.

10.      The Stipulation of Settlement in the federal action is incorporated herein in its entirety by reference and attached hereto as Exhibit A. It provides, among other things, that in exchange for consideration provided by Herbalife International of America, Inc, the plaintiffs in the state and federal actions will release and discharge all claims against all parties to both the federal action and the state action, including the NWTW Defendants.



11. As part of the resolution of all claims in the federal action and the state action the parties to this Agreement have determined it is in their best interests to forever settle and compromise all their disputes arising from the state and federal actions.

## AGREEMENT

The fact that the parties enter into this Agreement does not constitute an admission by them of the truth of any of the allegations made by the other or by Jacobs and Sanchez in the federal action or the state action, and nothing contained in this Agreement constitutes any admission or concession by any party of any wrongdoing of any kind or character or of any liability whatsoever to the other, which liability is denied.

In consideration of the payments to be made by Herbalife International of America, Inc. and other consideration set forth in the Stipulation of Settlement in the federal action and the releases and dismissals given by Sanchez and Jacobs in the federal and state actions, and except as explicitly excepted herein, the NWTW Defendants hereby fully and generally release Herbalife and its past, present and future parents, subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, controlling shareholders, employees, representatives, agents, brokers, attorneys, advisors, consultants, administrators, executors, insurers, financial advisors, accountants, affiliated and subsidiary companies, and each of their predecessors, successors and assigns, or any of them from any and all causes of action, claims for relief, demands for damages or equitable, legal or administrative relief, interest, rights to reimbursement, injunctive relief, disgorgement or restitution or any other rights, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other source, including, without limitation, claims for violations of the Organized Crime Control Act of 1970, the Securities Act of 1933, the Securities and Exchange

Act of 1934, the California Endless Chain Scheme law (Cal. Penal Code § 327), the California

Seller Assisted Marketing Plan Act (Cal. Civ. Code § 1812.200, et seq.), California Business and

Professions Code Sections 17200 and 17500 or under any other similar statute or law of any

other jurisdiction, and claims for fraud, deceit, negligent misrepresentation, negligence, gross

negligence, professional negligence, breach of duty of care, breach of duty of loyalty, breach of

duty of candor, breach of fiduciary duty, fiduciary abuse, mismanagement, breach of contract,

invasion of privacy, or negligent supervision, and from any claim for indemnification, defense or

contribution that have been or could or might have been alleged in any pleading, or amended

pleading in the federal action, the state action, or any other action. This release does not apply to

any claims either known or unknown that may exist as of the date of this Agreement arising from

any alleged defects in any Herbalife product.

This Agreement applies to the NWTW Defendants for themselves individually and in all

representative capacities, and on behalf of any and all of their heirs, spouses, children, issue,

estates, beneficiaries, representatives, executors, administrators, attorneys, insurers,

predecessors, successors and assigns, and all those claiming by, through, under, or in concert

with any of them.

The NWTW Defendants warrant that they have not assigned, transferred, or purported to

assign or transfer any part of the claims released herein and that they have full authority to

execute this Agreement.

This Agreement is made for the benefit of Herbalife and its past, present and future

parents, subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective

past, present and future officers, directors, controlling shareholders, employees, representatives,

agents, brokers, attorneys, advisors, consultants, administrators, executors, insurers, financial

advisors, accountants, affiliated and subsidiary companies, and each of their predecessors, successors and assigns, or any of them.

This Agreement is made and given in accordance with the provisions of California Civil Code Section 1542 which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

In making this Agreement, the NWTW Defendants expressly waive and relinquish all rights and benefits, which they have, or may have, under said Section 1542. Further, the NWTW Defendants acknowledge that they are aware that they may hereafter discover facts different from, or in addition to, those which they now know or believe to be true with respect to the claims, demands, debts, liabilities, transactions, obligations and causes of action. Notwithstanding any such different or additional facts, this Agreement shall fully discharge Herbalife from any and all claims of any kind or character.

This Agreement and the Stipulation of Settlement in the federal action contain the entire understanding of the parties concerning the disputes and claims, the subject matter thereof, and the settlement thereof, and it supersedes and replaces any prior negotiations and agreements between the parties, or any of them, whether written or oral.

If the Effective Date set forth in the Stipulation of Settlement does not occur or if the Herbalife Defendants terminate the Stipulation of Settlement as provided in paragraph 12.1 or 12.2 thereof, then this Agreement shall have no further force or effect and the Parties shall revert

to their respective positions as of December 12, 2003, as though this Stipulation had never been executed.

The parties, and each of them, acknowledge that no other party, or agent, or attorney of any other party, has made any promise, representation, or warranty of any kind or character, whether express or implied, which is not contained in this Agreement or the Stipulation of Settlement and which concerns said dispute and claims, the subject matter thereof, or the settlement thereof, which induced them to execute this Agreement, and they further acknowledge that they have not executed this Agreement in reliance upon any such promise, representation, or warranty not contained herein.

Should any action be brought in connection with this Agreement, the prevailing party shall be entitled to attorneys' fees.

This Agreement may not be changed or modified except by a written document signed by all the parties.

This Agreement may be signed in counter-parts and facsimile signatures shall be binding as originals.

All parties acknowledge that they have received and are relying upon the independent advice of counsel or have knowingly waived their rights to receive independent advice of counsel in regard to the Agreement.

EXHIBIT __B__ PAGE 53



This Agreement shall, in all respects, be interpreted, enforced and governed by and under the laws of the State of California.

Dated: _____, 2004     By: _____

DreamBuilders & Associates
International, Inc.

Dated: _____, 2004     By: _____

H.B. International Group Inc.

Dated: _____, 2004     By: _____

Anthony Powell

Dated: _____, 2004     By: _____

Doran Andry

Dated: _____, 2004     By: _____

Craig M. Tsutakawa

Dated: _____, 2004     By: _____

Caroline Tsutakawa

Dated: _____, 2004     By: _____

Tarun Juneja

Dated: _____, 2004     By: _____

John Beall

Dated: _____, 2004         By:_____

Leah Singleton


Dated: _____, 2004         By:_____

Brett Bartholomew


Dated: _____, 2004         By:_____

Stephen Combs


Dated: _____, 2004         By:_____

Debra Combs


Dated: _____, 2004         By: _____

Herbalife International, Inc.


Dated: _____, 2004         By: _____

Herbalife International of America, Inc.


Approved as to Form and Content:

Dated: _____, 2004         By: _____

Attorney for DreamBuilders &
Associates International, Inc.


Dated: _____, 2004         By: _____

Attorney for H. B. International Group
Inc.

Dated: _____, 2004          By: _____

                                        Attorney for Anthony Powell


Dated: _____, 2004          By: _____

                                        Attorney for Doran Andry


Dated: _____, 2004          By: _____

                                        Attorney for Tarun Juneja


Dated: _____, 2004          By: _____

                                        Attorney for John Beall


Dated: _____, 2004          By: _____

                                        Attorney for Leah Singleton


Dated: _____, 2004          By: _____

                                        Attorney for Brett Bartholomew


Dated: _____, 2004          By: _____

                                        Morrison & Foerster LLP, attorney for
                                        Herbalife International, Inc.


Dated: _____, 2004          By: _____

                                        Morrison & Foerster LLP, attorney for
                                        Herbalife International of America, Inc.

EXHIBIT __B__ PAGE __56__

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# If you were an Herbalife Supervisor and you bought Newest Way to Wealth promotional materials or devices between February 15, 1998 and May 2, 2003, you could get a payment or product rebate from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement is on behalf of Herbalife distributors who, between February 15, 1998 and May 2, 2003, had reached the level of supervisor and had purchased Newest Way to Wealth promotional materials or devices. Former Herbalife distributors (*i.e.*, persons who, as of March 1, 2004 are no longer Herbalife distributors) will be entitled to file claims in both a settlement fund of $3 million and a refund pool of $1 million. Current Herbalife distributors will be entitled to claim product rebates up to an aggregate total of $2 million.

- The settlement resolves a lawsuit over whether Newest Way to Wealth promotional materials and devices were sold in compliance with federal and state laws.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT IF YOU ARE A FORMER HERBALIFE SUPERVISOR: | |
|---|---|
| SUBMIT A PROOF OF CLAIM FORM | The only way to get a payment from either the settlement fund or refund pool. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Herbalife about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up your rights. |

QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT www.NWTWSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAME O VISITE NUESTRO WEBSITE

la-725722

EXHIBIT C   PAGE 57



## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT IF YOU ARE A CURRENT HERBALIFE SUPERVISOR:

| | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to get the Herbalife product rebates offered by the settlement. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Herbalife about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no rebates. Give up your rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT www.NWTWSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAME O VISITE NUESTRO WEBSITE
la-725722

EXHIBIT C PAGE 58

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................…………… PAGE 4
1. Why did I get this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**........................................... PAGE 5
5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET**..................…... PAGE 6
8. What does the settlement provide?
9. How much will my payment be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM** .... PAGE 7
10. How can I get a payment?
11. How can I get a rebate?
12. When would I get my payment?
13. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.................. PAGE 8
14. How do I get out of the settlement?
15. If I don't exclude myself, can I sue for the same thing later?
16. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU**................................... PAGE 8
17. Do I have a lawyer in the case?
18. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**................................... PAGE 9
19. How do I tell the Court that I don't like the settlement?
20. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**................................…... PAGE 10
21. When and where will the Court decide whether to approve the settlement?
22. Do I have to come to the hearing?
23. May I speak at the hearing?

**IF YOU DO NOTHING**..................................................... PAGE 10
24. What happens if I do nothing at all?

**GETTING MORE INFORMATION**....................................... PAGE 11
25. Are there more details about the settlement?
26. How do I get more information?

QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT NWTWSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAME O VISITE NUESTRO WEBSITE
3-
la-725722

EXHIBIT _C_ PAGE 59

# BASIC INFORMATION

## 1. Why did I get this notice package?

This notice is being sent to those who may have had a valid agreement of distributorship with Herbalife to sell Herbalife products as an independent contractor, reached the level of supervisor, and purchased Newest Way to Wealth promotional materials or devices between February 15, 1998 and May 2, 2003.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *Jacobs, et al. v. Herbalife International, Inc., et al.*, Case No. CV-02-01431 SJO (RCx). The people who sued are called plaintiffs. The people who were sued are Herbalife International, Inc. and Herbalife International of America, Inc. (together called Herbalife) as well as Dream Builders & Associates, Inc., H.B. International Group, Inc., Anthony Powell, Doran Andry, Craig M. Tsutakawa, Caroline Tsutakawa, Tarun Juneja, John Beall, Brett Bartholomew, Leah Singleton, Steven Combs and Debra Combs.

## 2. What is this lawsuit about?

The lawsuit claimed that the use of the Newest Way to Wealth promotional materials and devices together with the Herbalife marketing system was part of a pyramid scheme, contrary to both state and federal securities laws and other laws. The lawsuit also claimed that the Newest Way to Wealth promotional materials made fraudulent earnings claims and fraudulently omitted material facts. Herbalife (and the other defendants named in the lawsuit) deny they did anything wrong and vigorously defended the litigation.

Plaintiffs and defendants do not agree on the average amount of damages per security that would be recoverable if plaintiffs were to have prevailed on each claim alleged under the Securities Exchange Act of 1934. The issues on which the Parties disagree include (1) whether the plaintiffs purchased securities; (2) whether the facts alleged were actionable under the federal securities laws; and (3) the appropriate economic model for determining the value of the securities, if any.

EXHIBIT C PAGE 60

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Nancy Jacobs and Annette Sanchez), sue on behalf of people who have similar claims. All these people are a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Class. U.S. District Judge S. James Otero is in charge of this class action.

### 4. Why is there a settlement?

The Court did not decide in favor of plaintiffs or Herbalife. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Settlement Class Members.

# WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you must first be a Settlement Class Member.

### 5. How do I know if I am part of the settlement?

The members of the class are described in the Stipulation of Settlement. In general, all persons who, during the period February 15, 1998 through May 2, 2003, had a valid agreement of distributorship with Herbalife to sell Herbalife products as an independent distributor, had attained the level of supervisor, and purchased Newest Way to Wealth materials or devices, are included in the class.

### 6. Are there exceptions to being included?

You are not a Settlement Class Member if you were an Herbalife distributor from February 15, 1998 through May 2, 2003 but had not attained the level of supervisor during that period.

You are not a Settlement Class Member if you had obtained the level of Herbalife supervisor during the period February 15, 1998 through February 3, 2003 but did not purchase any Newest Way to Wealth materials or devices during that time period.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help by contacting Settlement Class Counsel at: _____. You can call 1-800-XXX-XXXX or visit **www.nwtwsettlement.com** for more information. Or you can fill out and return the claim form described on page 8, in question 10, to see if you qualify.

EXHIBIT C PAGE 61

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 8. What does the settlement provide?

**FORMER HERBALIFE SUPERVISORS:**

Herbalife has agreed to create a $3 million fund (the "Settlement Fund") to be divided among all former Herbalife supervisors who purchased Newest Way to Wealth promotional materials or devices between February 15, 1998 through May 2, 2003 and who send in a valid Proof of Claim form.

Herbalife has also agreed to refund up to $1 million (the "Refund Pool") to all former Herbalife supervisors who purchased Newest Way to Wealth promotional materials or devices between February 15, 1998 through May 2, 2003 but who had not previously received a refund for such materials and devices. In order to receive a refund, you must complete a valid request for a refund, which is included in the Proof of Claim form.

**CURRENT HERBALIFE SUPERVISORS:**

For the twelve-month period following the effective date of the settlement, Herbalife has agreed to pay rebates equal to 10% of the discounted purchase price of the first $1400 per month of purchases of Herbalife products by current Herbalife supervisors from Herbalife in an aggregate maximum of $2 million for all such rebates. In order to receive the rebates, you must submit a valid request for rebate, which is included in the Proof of Claim form.

## 9. How much will my payment be?

If you are a former Herbalife supervisor, your share of the settlement will depend on the number of valid claim forms that Settlement Class Members send in and the amount of attorneys' fees awarded by the Court.

Settlement Class Members who are former Herbalife supervisors may file a claim for reimbursement of their purchases of Newest Way to Wealth promotional materials or devices from the $1 million Refund Pool by completing the appropriate section of the proof of claim form. You will be required to list all of your purchases of Newest Way to Wealth promotional materials or devices and attach copies of supporting documentation (such as credit card statements or receipts).

Settlement Class Members who are former Herbalife supervisors may also file a claim for payment of your economic losses from the Settlement Fund, using one of two methods. Claimants electing Method A must itemize all of their allowable expenses and receipts during the between February 15, 1998 and May 2, 2003, and provide adequate documentary proof for each item. Claimants electing Method B shall authorize the claims administrator to calculate their claim based on their purchase of NWTW

EXHIBIT C PAGE 62

promotional material and devices and their receipt of bonuses and commissions from Herbalife, using information produced by the defendants in the lawsuit.

Plaintiffs estimate that there are approximately 8700 class members, of whom approximately 2300 are Current Supervisors and approximately 6400 are Former Supervisors. For both the Refund Pool and the Settlement Fund, if the aggregate amount of claims exceeds the net amount available to distribute, all claims will be reduced on a proportional basis.

# HOW YOU GET A PAYMENT OR REBATE— SUBMITTING A CLAIM FORM

### 10. How can I get a payment?

If you are a former Herbalife supervisor: To qualify for payment from the Settlement Fund or from the Refund Pool, you must send in the Proof of Claim form. The Proof of Claim form is attached to this Notice. You may also get a Proof of Claim form on the Internet at **www.nwtwsettlement.com**. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign and mail the form postmarked no later than _____.

### 11. How can I get a rebate?

If you are a current Herbalife supervisor: To qualify for the 10% rebate, you must complete the rebate request section of the Proof of Claim form, which is attached to this Notice. You may also get a Proof of Claim form on the Internet at **www.nwtwsettlement.com**. Read the instructions carefully, fill out the form, sign and mail the form postmarked no later than _____.

### 12. When would I get my payment or rebate?

The Court will hold a hearing on _____, to decide whether to approve the settlement. If Judge Otero approves the settlement after that, there may be appeals. It is always uncertain how long it will take to resolve any appeals, and it may take more than a year. Everyone who sends in a form will be informed of the progress of the settlement. Please be patient.

### 13. What am I giving up to get a payment, receive a rebate or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Herbalife about the legal issues in *this* case. It also means that all of the Court's orders, including a release of claims raised or that could have been raised in the lawsuit, will apply to you and legally bind you.

QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT NWTWSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAME O VISITE NUESTRO WEBSITE
7-
la-725722

EXHIBIT C   PAGE 63

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment or rebate from this settlement, but you want to keep the right to sue or continue to sue Herbalife, on your own, about the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as "opting out" of the Settlement Class.

## 14. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Jacobs v. Herbalife*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____ to:

> NWTW Exclusions
> P.O. Box 0000
> City, ST 00000-0000

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Herbalife in the future about the legal issues in this case.

## 15. If I do not exclude myself, can I sue Herbalife for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Herbalife for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____.

## 16. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money or get any rebates. But, you may sue, continue to sue, or be part of a different lawsuit against Herbalife, subject to the law applicable to your case.

# THE LAWYERS REPRESENTING YOU

## 17. Do I have a lawyer in this case?

The Court approved the law firm of Schubert & Reed LLP in San Francisco, California, and Gilman & Pastor LLP in Saugus, Massachusetts to represent you and other Settlement Class Members. These lawyers are called Settlement Class Counsel. You

QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT NWTWSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAME O VISITE NUESTRO WEBSITE

8-
la-725722

EXHIBIT __C__ PAGE 64



will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will the lawyers be paid?

Settlement Class Counsel will ask the court for attorneys fees equal to 25% of the total value of the settlement or $1.5 million, plus reimbursement of their expenses in pursuing this case. The Court may award less than the amounts requested. These amounts and the costs to administer the settlement will come out of the funds for payments to Settlement Class Members, which may reduce the amount of money available to each member of the class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 19. How do I tell the Court that I don't like the settlement?

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Jacobs, et al. v. Herbalife International, Inc., et al.*, Case No. CV 02-01431 SJO (RCx). Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to these three different places postmarked no later than _____:

| | | |
|---|---|---|
| Clerk of the Court | Douglas M. Brooks | Charles Patterson |
| United States District Court for the | Gilman & Pastor LLP | Kerry Wallis |
| Central District of California | 999 Broadway | Morrison & Foerster LLP |
| 312 North Spring Street | Suite 500 | 555 W. 5th St. |
| Los Angeles, California 90012 | Saugus, MA 01906 | Suite 3500 |
| | | Los Angeles, CA 90013 |

### 20. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

EXHIBIT C PAGE 45

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

## 21. When and where will the Court decide whether to approve the settlement?

Judge Otero will hold a fairness hearing at ___ A.M. on Monday, _____ at the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, in Courtroom 1600. At this hearing Judge Otero will consider whether the settlement is fair, reasonable, and adequate. If there are objections, Judge Otero will consider them. Judge Otero will listen to people who have asked to speak at the hearing. Judge Otero may also decide how much to pay to Settlement Class Counsel. After the hearing, Judge Otero will decide whether to approve the settlement. We do not know how long these decisions will take.

## 22. Do I have to come to the hearing?

No. Settlement Class Counsel will answer questions Judge Otero may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not required.

## 23. May I speak at the hearing?

You may ask Judge Otero for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Jacobs, et al. v. Herbalife International, Inc., et al.*, Case No. CV 02-01431 SJO (RCx)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, and be sent to the Clerk of the Court, Settlement Class Counsel, and Defense Counsel, at the three addresses on page 19, in question 10. You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you do nothing, you will get no money and no product rebates from this settlement. But unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Herbalife about the legal issues in this case, ever again.

QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT NWTWSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAME O VISITE NUESTRO WEBSITE
10-
la-725722

EXHIBIT __C__ PAGE __66__

# GETTING MORE INFORMATION

**25.  Are there more details about the settlement?**

This Notice summarizes the proposed settlement.  More details are in a Stipulation of Settlement.  You can get a copy of the Stipulation of Settlement by writing to Douglas M. Brooks, Gilman & Pastor LLP, 999 Broadway, Suite 500, Saugus, MA 01906, or by visiting **www.nwtwsettlement.com.**

**26.  How do I get more information?**

You can call 1-800-XXX-XXXX toll free; write to NWTW Settlement, P.O. Box 0000, City ST 00000-0000; or visit the website at **www.nwtwsettlement.com,** where you will find answers to common questions about the settlement, a Proof of Claim form plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment or rebate.

DATE:  MONTH 00, 0000.

QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT NWTWSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAME O VISITE NUESTRO WEBSITE
11-
la-725722

EXHIBIT __C__ PAGE 67

## EXHIBIT D

## PLAN OF ALLOCATION

After payment of expenses of notice and administration of settlement, taxes and such attorneys' fees and expenses as may be awarded by the Court, the Refund Pool and Settlement Fund shall be distributed as follows:

1.    All Settlement Class Members who are Former Herbalife Supervisors ("Claimants") are entitled to file claims in both the Refund Pool of $1,000,000 and the Settlement Fund of $3,000,000. Claimants who wish to file claims in either the Refund Pool or Settlement Fund, or both, must file a Proof of Claim in the form attached to the Settlement Notice by the Claims Deadline.

Settlement Class Members who are Current Herbalife Supervisors are not entitled to file claims in the Refund Pool or Settlement Fund, but are entitled to product rebates as provided in the Stipulation of Settlement. The Proof of Claim form will have a question for eligible class members to elect to receive the product rebates. Herbalife will track the purchases of Current Herbalife Supervisors who request the product rebates and calculate the amount of the rebates to which each is entitled, as provided in Paragraph 5.1.3. of the Stipulation of Settlement.

2.    **Refund Pool.** Claimants who wish to obtain a refund for Newest Way to Wealth Promotional Materials must complete the Refund Pool Claim section of the Proof of Claim, attach the required documentation and timely submit the completed Proof of Claim to the Claims Administrator.

3.    The Claims Administrator shall review all Proofs of Claim which are timely submitted and determine the amount of each Refund Pool Claim. The Claims Administrator is

authorized to adjust the amount of a Refund Pool Claim if inadequate documentation is supplied.

4.    In the event that the aggregate amount of Refund Pool Claims exceeds the net amount of the Refund Pool available for distribution, the Claims Administrator shall reduce each Refund Pool Claim on a pro rata basis to determine the Authorized Refund Pool Claim.

5.    The determination of the Claims Administrator as to the amount of each Authorized Refund Pool Claim will be subject to review by the Court.

6.    Any amount remaining in the Refund Pool after payment of all Authorized Refund Pool Claims and reasonable administrative fees shall be returned to Herbalife of America, Inc.

7.    **Settlement Fund.**  Claimants who wish to make claims for economic losses from the Settlement Fund must complete the Settlement Fund Claim section of the Proof of Claim, attach the required documentation, if any, and timely submit the completed Proof of Claim to the Claims Administrator.

8.    Claimants shall be entitled to elect Method A or Method B to determine their claim amount by checking the appropriate box on the Proof of Claim, completing the appropriate section of the Proof of Claim and attaching supporting documentation, if required.  Claimants electing Method A must itemize all of their allowable expenses and receipts during the Class Period, including but not limited to payments and/or refunds received from Herbalife and the NWTW Defendants, and provide adequate documentary proof for each item.  Claimants electing Method B shall authorize the Claims Administrator to calculate their Claim based on their purchase of NWTW Business Methods and their receipt of bonuses and commissions from Herbalife, using information produced by the Defendants in the Action.

00001901.WPD ; 1                              2

EXHIBIT  D  PAGE  69

9.      The Claims Administrator shall review all Proofs of Claim which are timely submitted and determine the amount of each Settlement Fund Claim.  The Claims Administrator is authorized to adjust the amount of a Claim if inadequate documentation is supplied.

10.     In the event that the aggregate amount of Settlement Fund Claims exceeds the net amount of the Settlement Fund available for distribution, the Claims Administrator shall reduce each Claim on a pro rata basis to determine the Authorized Settlement Fund Claim.

11.     The determination of the Claims Administrator as to the amount of each Authorized Settlement Fund Claim shall be subject to review by the Court.

12.     Any amount remaining in the Settlement Fund after payment of all Authorized Settlement Fund Claims shall be distributed to charitable and/or non-profit organizations (qualified under Section 501(c)(3) of the Internal Revenue Code), as may be designated by Plaintiffs' Counsel.

EXHIBIT __D__ PAGE _70_

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  | NANCY JACOBS and ANNETTE M.          | No.   02-01431 SJO (RCx)
12  | SANCHEZ, Individually On Behalf
    | of Themselves and All Others         | **[PROPOSED] ORDER
13  | Similarly Situated, and on Behalf    | PRELIMINARILY APPROVING
    | of the General Public,               | SETTLEMENT, APPROVING NOTICE
14  |                                       | OF PROPOSED SETTLEMENT AND
    |                 Plaintiffs,          | SETTING SETTLEMENT HEARING**
15  |
    |      v.                              |
16  |                                       | Honorable S. James Otero
    | HERBALIFE INTERNATIONAL, INC.,        |
17  | HERBALIFE INTERNATIONAL OF           | Discovery Cut-off: none set
    | AMERICA, INC., DREAM BUILDERS &      | Trial Date: none set
18  | ASSOCIATES INTERNATIONAL, INC.,
    | H.B. INTERNATIONAL GROUP, INC.,
19  | ANTHONY POWELL, DORAN ANDRY,
    | CRAIG M. TSUTAKAWA, CAROLINE
20  | TSUTAKAWA, TARUN JUNEJA, JOHN
    | BEALL, BRETT BARTHOLOMEW, LEAH
21  | SINGLETON, STEPHEN COMBS AND
    | DEBRA COMBS,
22  |
    |                 Herbalife
23  | Defendants.

24

25

26

27

28

la-705933

1  The Court has received the Stipulation of Settlement and

2  exhibits dated as of May 21, 2004 (the "Stipulation"), that has

3  been entered into by the Plaintiffs, Defendants Herbalife

4  International, Inc. and Herbalife International of America, Inc.

5  ("the Herbalife Defendants"), H.B. International Group, Inc. and

6  Dream Builders & Associates International, Inc. The Court has

7  reviewed the Stipulation and its attached exhibits, and, good

8  cause appearing therefor, IT IS HEREBY ORDERED as follows:

9  1. The Court, for purposes of this Order, adopts the

10  definitions set forth in ¶¶ 1.1 through 1.53 of the Stipulation.

11  2. The Court preliminarily approves the Stipulation,

12  Settlement, Plan of Allocation and each of the releases and other

13  terms contained therein, as being fair, reasonable and adequate

14  to the Settlement Class.

15  3. The Court hereby appoints Schubert & Reed LLP and

16  Gilman & Pastor LLP as Plaintiffs' Counsel with authority to

17  enter into and effectuate the Stipulation on behalf of

18  Plaintiffs, the Settlement Class, and Plaintiffs' Counsel.

19  4. The Court hereby approves, as to form and content, the

20  Notice of Proposed Settlement and Proof of Claim form. The Court

21  finds that the Herbalife Defendants have provided Plaintiffs'

22  Counsel with a list of names and addresses of all Persons who can

23  be reasonably identified from the Herbalife Defendants' records

24  as falling within the definition of the Settlement Class.

25  Plaintiffs' Counsel shall, not later than _____, 2004

26  (thirty [30] days from the date of entry of this order), send by

27  first class mail the Notice of Proposed Settlement, and Proof of

28  Claim form to all persons identified as Settlement Class Members.

1  Plaintiffs' Counsel shall file with the Court and serve upon

2  Herbalife Defendants' Counsel no later than seven (7) days prior

3  to the Settlement Hearing an affidavit or declaration stating

4  that the mailings have been completed in accordance with the

5  terms of this Order.

6      5.   The Court hereby approves, as to form and content, the

7  Summary Notice.  Plaintiffs' Counsel shall publish the Summary

8  Notice once in USA Today.  The date of publication shall be no

9  later than _____, 2004 (thirty [30] days from the date

10  of entry of this order).  Plaintiffs' Counsel shall file with the

11  Court and serve upon the Herbalife Defendants' Counsel no later

12  than seven (7) days prior to the Settlement Hearing an affidavit

13  or declaration stating that the Summary Notice has been published

14  in accordance with the terms of this Order.

15      6.   The Court finds that dissemination of the Notice of

16  Proposed Settlement and Proof of Claim form in the manner

17  required by ¶ 4 above, and publication of the Summary Notice in

18  the manner required by ¶ 5 above, constitutes the best notice

19  practicable under the circumstances to the Settlement Class and

20  fully satisfies the requirements of Rule 23 of the Federal Rules

21  of Civil Procedure, and other requirements of due process, and

22  shall constitute due and sufficient notice to all persons

23  entitled thereto.

24      7.   The Settlement Hearing will be held on _____,

25  2004 at _____.m. at which time the Court will determine whether

26  the Settlement, as set forth in the Stipulation, should be

27  approved as fair, reasonable and adequate to the Settlement Class

28  and whether the Judgment approving the Stipulation and dismissing

1  the Action on the merits and with prejudice against Plaintiffs

2  and the Settlement Class should be entered, whether the proposed

3  Plan of Allocation should be approved and an order entered

4  thereon, and consider the application of Plaintiffs' Counsel for

5  an award of attorneys' fees, costs, and expenses pursuant to

6  ¶ 11.1 of the Stipulation should be approved and an order entered

7  thereon.  The Court from time-to-time may adjourn or continue the

8  Settlement Hearing without further notice to the Settlement

9  Class.

10      8.    Any Settlement Class Member may appear at the Settlement

11  Hearing and show cause, if he, she or it has any, why the Court

12  should or should not (a) approve the proposed Settlement as fair,

13  reasonable, and adequate; (b) enter the Judgment; (c) approve the

14  proposed Plan of Allocation; or (d) award Plaintiffs or their

15  Counsel attorneys' fees, costs and expenses in the amount

16  requested; provided, however, that no Plaintiff or Settlement

17  Class Member or any other person shall be entitled to object to

18  the foregoing matters unless on or before _____, 2004

19  (fifteen [15] days before the Settlement Hearing) that person has

20  served by hand or by post-marked first class mail written

21  objections and copies of any papers and briefs on Gilman &

22  Pastor LLP, Douglas M. Brooks, 999 Broadway, Ste 500, Saugus, MA

23  01906; and Morrison & Foerster LLP, Charles E. Patterson, 555 West

24  Fifth Street, Suite 3500, Los Angeles, California 90013-1024, and

25  has filed said objections, papers and briefs with the Clerk of the

26  Court.  Any Settlement Class Member who does not make his, her or

27  its objection in the manner provided shall be deemed to have

28  waived such objection and shall forever be foreclosed from making

1    any objection to the fairness or adequacy of the foregoing

2    matters, unless otherwise ordered by the Court.

3         9.    Any Settlement Class Member who is also a Former

4    Herbalife Supervisor and wishes to participate in the Settlement

5    Fund and/or receive reimbursement for purchases of Newest Way to

6    Wealth Promotional Materials from the Refund Pool must submit a

7    valid Proof of Claim form to the Claims Administrator in

8    accordance with the instructions contained in the Notice of

9    Proposed Settlement and Proof of Claim form.  Any Settlement

10   Class Member who is also a Current Herbalife Supervisor and

11   wishes to receive a 10% rebate (as set forth in ¶ 5.1.3 of the

12   Stipulation) on its Herbalife purchases for twelve months must

13   submit a valid Rebate Request in accordance with the instructions

14   contained in the Notice of Proposed Settlement and Proof of Claim

15   form.  Unless the Court orders otherwise, all Proof of Claim

16   forms must be post-marked no later than _____, 2004 (120

17   days after the date of this order).  Any Settlement Class Members

18   who do not timely submit a Proof of Claim form in the manner

19   provided, unless otherwise ordered by the Court, shall be forever

20   barred from receiving any payments from the Settlement Fund or

21   Refund Pool or receiving a rebate, but will in all other respects

22   be subject to and bound by the provisions of the Stipulation and

23   the Judgment.  Unless otherwise ordered by the Court or compelled

24   by operation of law, the Claims Administrator shall not disclose

25   the Proof of Claim forms or their contents other than to

26   Plaintiffs' Counsel or the Court.  The Claims Administrator shall

27   forward all Rebate Requests to Herbalife International of

28   America, Inc. to process the rebate.  Plaintiffs' Counsel shall

1  not use the Proof of Claim forms or any information contained

2  therein other than in connection with the settlement of the

3  Action.

4      10.  Settlement Class Members who wish to exclude themselves

5  from the Settlement Class and from participation in the

6  Settlement must do so in accordance with the instructions

7  contained in the Notice of Proposed Settlement.  All requests for

8  exclusion must be received or postmarked no later than _____,

9  2004 (fifteen [15] days before the Settlement Hearing).

10  Settlement Class Members who do not file timely requests for

11  exclusion in the manner provided for in the Notice of Proposed

12  Settlement will be bound by any and all judgments or orders

13  entered or approved by the Court in connection with the

14  Settlement, whether favorable or unfavorable to the Settlement

15  Class.

16      11.  Only Plaintiffs' Counsel or a Person who is both a

17  Former Herbalife Supervisor *and* a Settlement Class Member shall

18  have rights to any portion of the Settlement Fund, except as

19  otherwise provided for in the Stipulation.

20      12.  All reasonable costs incurred in notifying Settlement

21  Class Members, as well as administering and distributing the

22  Settlement Fund and Refund Pool, shall be paid as set forth in

23  the Stipulation.

24      13.  All briefs and other papers in support of the

25  Settlement, the Plan of Allocation and Plaintiffs' Counsel's

26  applications for attorneys' fees, costs, and expenses shall be

27  filed with the Court no later than _____, 2004 (ten [10]

28  days) before the date of the Settlement Hearing.

14. Pending final determination as to whether the Settlement contained in the Stipulation should be approved, Plaintiffs, whether directly, representatively, or in any other capacity, shall not institute or prosecute in any court or tribunal any of the Released Claims against any of the Released Parties.

15. All discovery and other proceedings in this Action are stayed until further order of the Court.

16. The Court reserves the right to continue, adjourn or extend any of the deadlines set forth in this Order, including the date of the Settlement Hearing, and the time for consideration of the proposed Plan of Allocation and Plaintiffs' Counsel's application for an award of attorneys' fees, costs and expenses, without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed Settlement.

IT IS SO ORDERED.

Dated:_____    _____
                                                 S. JAMES OTERO
                                       UNITED STATES DISTRICT JUDGE

## PROOF OF CLAIM FORM

### Part A - Claimant Category

1.   In order to be a member of the Settlement Class you must answer "Yes" to each of the following three questions:

A.   At any time during the period from February 15, 1998 through May 2, 2003  did you have a valid agreement of distributorship with Herbalife to sell Herbalife products as an independent distributor?  (Note: If you signed a Herbalife distributorship agreement before February 15, 1998 but the agreement was still in effect for any period of time on or after February 15, 1998 and before May 2, 2003, then you should check "Yes").

Yes   ☐

No   ☐

B.   At any time during the period from February 15, 1998 through May 2, 2003 had you attained the level of Supervisor or higher in the Herbalife Marketing Plan?

Yes   ☐

No   ☐

C.   At any time during the period from February 15, 1998 through May 2, 2003 did you purchase any Newest Way to Wealth promotional materials, including but not limited to written, audio, video, telephonic, facsimile or internet based materials or devices?

Yes   ☐

No   ☐

If you checked "Yes" to each of the above questions, you are a Settlement Class Member.  Please continue to Question 2.

If you checked "No" to any or all of the above questions, then you are not a Settlement Class Member.  Please do not complete or send in this Proof of Claim.

2.      There are two categories of Settlement Class Members: "Current Herbalife Supervisors" and "Former Herbalife Supervisors." Current Herbalife Supervisors (but not Former Herbalife Supervisors) are entitled to receive Herbalife product rebates as described in the Class Notice. Former Herbalife Supervisors (but not Current Herbalife Supervisors) are entitled to make claims from the Settlement Fund and Refund Pool, as described in the Class Notice.

If you are a Settlement Class Member and, as of March 1, 2004, you (a) had a valid agreement of distributorship with Herbalife to sell Herbalife products as an independent contractor, and (b) met Herbalife's requirements to be a Supervisor (meaning that during the one year period prior to March 1, 2004 you purchased at least $4000 worth of Herbalife products in one month, or $2500 worth of Herbalife products in each of two consecutive months), then you are a Current Herbalife Supervisor.

If you are a Settlement Class Member but are not a Current Herbalife Supervisor, then you are a Former Herbalife Supervisor.

Please answer the following questions to determine whether you are a Current Herbalife Supervisor or a Former Herbalife Supervisor:

A.      As of March 1, 2004, did you have a valid agreement of distributorship with Herbalife?

Yes     ☐

No      ☐

B.      As of March 1, 2004, did you meet Herbalife's requirements to be a Supervisor; that is, during the one year period prior to March 1, 2004 did you purchase at least $4000 worth of Herbalife products in one month, or $2500 worth of Herbalife Products in each of two consecutive months?

Yes     ☐

No      ☐

If you checked "Yes" to both questions 2.A. and 2.B., then you are a Current Herbalife Supervisor. Please skip Parts B and C of this Proof of Claim and complete Parts D and E in order to request your Herbalife product rebates. If you checked "No" to either questions 2.A. or 2.B., please complete Parts B, C and E of this Proof of Claim in order to make a claim for payment from the Settlement Fund and/or the Refund Pool.

## Part B - Refund Pool Claim

**Important: The Refund Pool is for Former Herbalife Supervisors Only.**
**Do not complete this Part if you are a Current Herbalife Supervisor.**

Instructions: Former Herbalife Supervisors are entitled to make a claim for refunds of money spent on Newest Way to Wealth ("NWTW") Promotional Items between February 15, 1998 and May 2, 2003. In order to receive a refund you must attach documentary proof of the fact and amount of your purchases to this Proof of Claim and you must agree to destroy all Newest Way to Wealth Promotional Items upon your receipt of the refund check. The term "Newest Way to Wealth Promotional Items" includes any and all materials which were sold as part of the Newest Way to Wealth System for the purpose of marketing Herbalife products or recruiting Herbalife distributors, including but not limited to written, audio, video, telephonic, facsimile or internet based materials or devices.

3.    Please list all Newest Way to Wealth Promotional Items as to which you are requesting a refund below, including the type of NWTW item, the date of purchase and the amount, and attach documentary proof for each purchase listed. Acceptable forms of documentary proof include copies of receipts, cancelled checks, credit card statements or bank statements which identify the person paid and the date of payment. **Please do not attach or return any Newest Way to Wealth Promotional Items - all such items should be destroyed when you receive your refund check.**

| NWTW Item | Date of purchase | Amount |
|---|---|---|
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| Total: | | $ _____ |

If you need additional space to list the NWTW items, please use an additional sheet of

EXHIBIT F PAGE 80

paper and attach it to this Proof of Claim.

**Important: The actual amount of your refund may be affected by the total number of refund pool claims received and approved by the Claims Administrator. If the total of authorized refund pool claims exceeds the net amount of the refund pool, every Claimant's refund pool claim will be reduced on a pro rata basis. In other words, the Claims Administrator will calculate the percentage of your claim in reference to the total amount of authorized claims and apply that percentage to the net amount of the Refund Pool to calculate your payment.**

EXHIBIT __F__ PAGE _81_

## Part C - Settlement Fund Claim

**Important: The Settlement Fund is for Former Herbalife Supervisors Only.
Do not complete this Part if you are a Current Herbalife Supervisor.**

Instructions: Former Herbalife Supervisors are entitled to make a claim for economic losses they incurred in the operation of their Herbalife distributorship between February 15, 1998 and May 2, 2003 (the "Class Period"). You are entitled to elect either Method A or Method B to determine your claim amount by checking the appropriate box below. Claimants electing Method A must itemize all of their allowable expenses and receipts during the Class Period, including but not limited to payments and/or refunds received from Herbalife and the NWTW Defendants, and provide adequate documentary proof for each item. Claimants electing Method B shall authorize the Claims Administrator to calculate their Claim based on their purchase of NWTW Business Methods and their receipt of bonuses and commissions from Herbalife, using information produced by the Defendants in the Action. You should have received a letter from the Claims Administrator with the settlement notice and Proof of Claim form which stated what the amount of your claim would be if you elect Method B.

Note: Former Herbalife Supervisors are entitled to make claims in both the Refund Pool and Settlement Fund.

4.  Please indicate which method you wish to use to calculate your claim amount by checking the appropriate box:

Method A  ☐  Proceed to Question 5.

Method B  ☐  The Claims Administrator will calculate your claim, as set forth in the letter included with this Proof of Claim. Skip Question 5 and complete Part E.

5.  **Method A Claim Calculation.** Please list all of the expenses and receipts you incurred in operating your Herbalife distributorship between February 15, 1998 and May 2, 2003. For each item you must attach adequate documentary proof, which may include copies of receipts, cancelled checks, credit card statements or bank statements which identify the person paid and the date of payment, or copies of applicable tax forms, such as the Schedule C from your federal income tax return.

| **Expenses** | **Amount** |
|---|---|
| a.  Herbalife products and sales aids | \$_____ |

00002312.WPD ; 1                                   5

EXHIBIT  F  PAGE  82

| | | |
|---|---|---|
| b. | NWTW promotional items | $_____ |
| c. | Telephone and facsimile | $_____ |
| d. | Postage | $_____ |
| e. | Travel | $_____ |
| f. | Meeting expenses | $_____ |
| g. | Advertising | $_____ |
| h. | Office expenses and supplies | $_____ |
| i. | Taxes and licenses | $_____ |
| j. | Legal and professional services | $_____ |

k.     Total expenses (add items a. through j.):     $_____

**Receipts and Income**

| | | |
|---|---|---|
| l. | Gross sales of Herbalife products | $_____ |
| m. | Commissions and bonuses received from Herbalife | $_____ |
| n. | Gross sales of NWTW promotional items and other NWTW receipts | $_____ |
| o. | Wholesale cost of Herbalife products withdrawn for personal use | $_____ |
| p. | Refunds received for Herbalife products and sales aids | $_____ |
| q. | Refunds received for NWTW promotional items | $_____ |

r.     Total receipts and income (add items l. through q.):     ($_____)

**Economic Loss (subtract item r. from item k.):**     $_____

**Important: If you elect Method A you must attach documentary proof for all expenses and receipts. If you fail to attach adequate documentary proof the Claims Administrator has the discretion either to adjust the amount of your claim or recalculate your claim using Method B.**

**Important: The actual amount of your payment may be affected by the total amount of Settlement Fund claims received and approved by the Claims Administrator. If the total of authorized Settlement Fund claims exceeds the net amount of the Settlement Fund, every Claimant's Settlement Fund claim will be reduced on a pro rata basis. In other words, the Claims Administrator will calculate the percentage of your claim in reference to the total amount of authorized claims and apply that percentage to the net amount of the Settlement Fund to calculate your payment.**

**Part D – Request for Rebates by Current Herbalife Supervisor**

**Important: Product Rebates are only available to Current Herbalife Supervisors.
Do not complete this Part if you are a Former Herbalife Supervisor.**

Instructions: Current Herbalife Supervisors are entitled to receive rebates of 10% of the discounted purchase price of the first $1400 per month of purchases of Herbalife products (not sales aids) by the Current Herbalife Supervisor from Herbalife for each of the twelve (12) months following the Effective Date of the settlement, up to an aggregate maximum of two million dollars ($2,000,000) for all such product rebates. Once you request the product rebates by completing this Part of the Proof of Claim you do not need to make the request again. Herbalife will track your purchases and send you a check for the amount of the product rebate to which you are entitled each month during which you purchase Herbalife products.

6.      Do you wish to receive Herbalife product rebates as described above?

Yes     ☐

No.     ☐

EXHIBIT _F_ PAGE 84

## Part E – Class Member Certification

I hereby swear or affirm, under penalty of perjury, that all of my statements in this Proof of Claim and the attached documentation are true and correct.

Dated: _____

Signature: _____

Print Name: _____
Street Address: _____
_____
City: _____    State: _____    ZIP Code: _____

Herbalife I.D.# _____

EXHIBIT F PAGE 85

1

2

3

4

5

6

7

8

9

10

11

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

12 | NANCY JACOBS and ANNETTE M.
SANCHEZ, Individually On Behalf Of
13 | Themselves And All Others Similarly
Situated, and on Behalf of the General
14 | Public,

15 |                     Plaintiffs,

16 |     v.

17 | HERBALIFE INTERNATIONAL, INC.
HERBALIFE INTERNATIONAL OF
18 | AMERICA, INC., H.B.
INTERNATIONAL GROUP, INC.,
19 | ANTHONY POWELL, DORAN
ANDRY, CRAIG M. TSUTAKAWA,
20 | CAROLINE TSUTAKAWA, TARUN
JUNEJA, JOHN BEALL, BRETT
21 | BARTHOLOMEW, LEAH SINGLETON,
STEPHEN COMBS AND DEBERA
22 | COMBS,

23 |                     Defendants.

No.    GGC 03426762

**Class Action**

Department___
Discovery Cutoff: None
Motion Cutoff: None
Trial Date: None

**[PROPOSED] FINAL
JUDGMENT AND ORDER OF
DISMISSAL**

24

25

26

27

28

la-703049

EXHIBIT __G__ PAGE __86__

1    The Court has considered the Joint Stipulation for Dismissal, the Stipulation
2    of Settlement (the "Stipulation") agreed to by the parties and approved by the
3    United States District Court for the Central District of California on _____,
4    2004 in the matter entitled *Jacobs, et al. v. Herbalife International, Inc., et al.*,
5    Case No. CV-02-01431 SJO (RCx) (the "Federal Action"), and all oral and written
6    objections, briefs, and comments received regarding the proposed Settlement of the
7    Federal Action, and has reviewed the entire record in this action. Pursuant to
8    California Rule of Court 1860 and good cause appearing,

9    IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS
10   FOLLOWS:

11       1.    The Court, for purposes of this Final Judgment and Order of
12   Dismissal, adopts the definitions set forth in paragraphs 1.1 through 1.53 of the
13   Stipulation.

14       2.    The complaint filed on January 23, 2003 for damages and injunctive
15   relief based upon claims for fraud and deceit, violations of the California Endless
16   Chain Scheme law (California Penal Code § 327), violations of the California
17   Seller Assisted Marketing Plan law (California Civil Code § 1812.200, et seq.), and
18   unlawful business practices in violation of California Business and Professions
19   Code § 17200, et seq., is deemed served.

20       3.    This action, and all claims contained therein, including all claims
21   brought on behalf of the general public under § 17200 of the California Business
22   and Professions Code, are hereby dismissed with prejudice. This dismissal shall be
23   without costs to any party.

24       //
25       //
26       //
27       //
28       //

la-703049                                   1                          EXHIBIT __G__ PAGE __87__

1         4.     This Judgment shall become null and void if the Federal Action

2 Judgment does not become Final or if the Settlement set forth in the Stipulation is

3 terminated.

4         5.     The clerk is ordered to enter this Judgment forthwith.

5

    Dated: _____         _____

6

7                                                Judge of the Superior Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>COURT-ORDERED LEGAL NOTICE</u>

# If you were an Herbalife Supervisor and you bought Newest Way to Wealth promotional materials or devices between February 15, 1998 and May 2, 2003, you could get a payment or product rebates from a class action settlement.

A settlement has been proposed in a class action lawsuit about the sale of Newest Way to Wealth promotional materials and devices to Herbalife supervisors. The settlement will provide $3 million to pay claims and $1 million to provide refunds for former Herbalife supervisors who bought Newest Way to Wealth promotional materials or devices at any time between February 15, 1998 and May 2, 2003. In addition, current Herbalife supervisors who bought Newest Way to Wealth promotional materials or devices between February 15, 1998 and May 2, 2003 may receive 10% product rebates based on their purchases of Herbalife products (up to total purchases of $1400 per month) for twelve months; total rebates to be paid will not exceed $2 million. If you qualify, you may send in a claim form to get benefits, or exclude yourself from the settlement, or object to it.

The United States District Court for the Central District of California authorized this notice. The Court will have a hearing to decide whether to approve the settlement, so that the benefits may be paid.

## WHO IS INCLUDED?

You are a class member and could get benefits if you are a current or former Herbalife supervisor who bought Newest Way to Wealth promotional materials or devices between February 15, 1998 and May 2, 2003. If you're unsure if you're included, get more information, including a detailed notice, at www.nwtwsettlement.com or by calling toll free 1-800-000-0000.

## WHAT IS THIS ABOUT?

The lawsuit claimed that the use of the Newest Way to Wealth promotional materials and devices together with the Herbalife marketing system was part of a pyramid scheme, contrary to both state and federal laws. The lawsuit also claimed that the Newest Way to Wealth promotional materials made fraudulent earnings claims and fraudulently omitted material facts. Herbalife (and the other defendants named in the lawsuit) deny they did anything wrong. The Court did not decide which side was right. But both sides agreed to the settlement to ensure a resolution and to provide benefits to the class members.

## WHAT DOES THE SETTLEMENT PROVIDE?

Herbalife has agreed to create a $3 million fund to be divided among all former Herbalife supervisors who purchased Newest Way to Wealth promotional materials or devices between February 15, 1998 and May 2, 2003 and were supervisors at the time of purchasing Newest Way to Wealth promotional materials or devices if they send in a valid claim form.

Herbalife has also agreed to refund up to $1 million to all former Herbalife supervisors who purchased Newest Way to Wealth promotional materials or devices between February 15, 1998 and May 2, 2003, but who had not previously received a refund for such materials or devices. In order to receive a refund, you must fill out the refund request section of a valid claim form.

Herbalife has also agreed to pay rebates equal to 10% of the otherwise discounted price of Herbalife products (up to total purchases of $1400 per month and an aggregate total of $2 million) for a period of twelve months to current Herbalife supervisors who purchased Newest Way to Wealth promotional materials or devices between February 15, 1998 and May 2, 2003 and were supervisors at the time of purchasing Newest Way to Wealth promotional materials or devices. In order to receive the discount, you must fill out the rebate request section of a valid claim form.

A stipulation of settlement, available at the website below, describes the details about the proposed settlement.

Plaintiffs estimate that there are approximately 8700 class members, of whom approximately 2300 are Current Supervisors and approximately 6400 are Former Supervisors. The actual amount recovered will be affected by the number of eligible claims received, the method each class member uses to calculate their claims, and the amount of attorneys' fees and expenses awarded by the Court.

Counsel for the settlement class will also apply for attorneys' fees from the settlement monies in the amount of $1.5 million, plus their reasonable expenses.

## HOW DO YOU ASK FOR A PAYMENT?

A detailed notice and claim form package contains everything you need. Just call or visit the website below to get one. To qualify for a payment or rebate, you must send in a claim form. Claim forms are due by _____.

## WHAT ARE YOUR OTHER OPTIONS?

If you don't want settlement benefits or don't want to be legally bound by the settlement, you must exclude yourself by _____, or you won't be able to sue, or continue to sue, Herbalife about the legal claims in this case. If you exclude yourself, you can't get any benefits from this settlement. If you stay in the settlement, you may object to

la-725707

EXHIBIT H PAGE 89

it by _____. The detailed notice explains how to exclude yourself or object.

The Court will hold a hearing in this case (*Jacobs, et al. v. Herbalife International, Inc., et al.*, Case No. CV-02-01431 SJO (RCx)) on _____, at _____, to consider whether to approve the settlement, the Plan of Allocation, and a request by the lawyers representing all class members for attorneys' fees and costs. The fees and costs awarded may reduce the settlement fund. You may ask to appear at the hearing, but you don't have to. For more information, call toll free 1-800-000-0000 and request to speak with ____, a representative of the counsel for the class, visit the website www.nwtwsettlement.com, or write to NWTW Settlement, P.O. Box 000, City, ST 0000-0000.

1

## PROOF OF SERVICE BY MAIL

2

3      I am a resident of the State of California, over the age of eighteen years, and not a

4   party to the within action. My business address is Morrison & Foerster LLP, 555 West

5   Fifth Street, Suite 3500, Los Angeles, California 90013-1024. On May 21, 2004, I served

6   the following described documents:

7        **STIPULATION OF SETTLEMENT; [PROPOSED] ORDER**

8        **PRELIMINARILY APPROVING SETTLEMENT, APPROVING**

9        **NOTICE OF PROPOSED SETTLEMENT AND SETTING SETLEMENT**

10       **HEARING; PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR**

11       **PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND**

12       **CONDITIONAL CERTIFICATION OF SETLEMENT CLASS**

13

14   ☒   by placing the document(s) listed above in sealed envelope(s) in a designated

15       "OUT" box in the office of my employer. I am readily familiar with the firm's

16       practice of collection and processing correspondence for mailing. Under that

17       practice it would be deposited with the United States Postal Service on that

18       same day with postage thereon fully prepaid. (CCP §1013a, 2015.5, FRCivP

19       §5(B), or FRAP 25(d).)

20

21

22                         **SEE ATTACHED SERVICE LIST**

23

24   ☒   *(Federal)*   I declare that I am employed in the office of a member of the bar

25                    of this court at whose direction the service was made.

26       Executed on May 21, 2004, at Los Angeles, California.

27

28                                                 Carol Cramberg

# SERVICE LIST

Douglas M. Brooks, Esq.
Edward L. Manchur, Esq.
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906

Aaron H. Darsky, Esq.
SCHUBERT & REED, LLP
2 Embarcadero Center - #1660
San Francisco, CA  94111

David H. Getz, Esq.
JUDKINS, GLATT, GETZ, GALLAGHER & BONANNO LLP
16236 San Dieguito Rd., Suite 4-21
P.O.Box 8022
Rancho Santa Fe, CA  92057-8022

A. Kristine Floyd, Esq.
ALLEN, MATKINS, LECK, GAMBLE & MALLORY
1900 Main Street, 5th Floor
Irvine, CA  92614

Kevin D. Quigley, Esq.
QUARLES & BRADY STREICH LANG, LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ  85004-2391

Craig and Carolin Tsutakawa
1652 Iroquois Rd.
Rocklin, CA  95765

Alan H. Boon, Esq.
BERGER, KAHN, SHAFTON, MOSS,
   FIGLER, SIMON & GLADSTONE
2 Park Plaza, Suite 650
Irvine, CA 92614-8516

la-726040

1    Brian A. Kumamoto, Esq.

2    Adam Fox, Esq.

3    SQUIRE, SANDERS & DEMPSEY, LLP
      801 South Figueroa Street, 14th Floor

4    Los Angeles, CA  90017-5554

5

6    Stephen and Debra Combs
      4320 Desert Crest

7    Paradise Valley, AZ  85253

8    Linda L. Northrop, Esq.

9    LAW OFFICES OF LINDA L. NORTHRUP, P.C.
      12400 Wilshire Boulevard, Suite 400

10   Los Angeles, CA 90025-1030

11

12   Adam J. Soibelman, Esq.
      STONE ROSENBLATT & CHA

13   16633 Ventura Blvd., Suite 1401
      Encino, CA  91436

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

la-726040